NO. 07-04-0006-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 20, 2004

_____

IN RE BILLY L. HUGHES, RELATOR

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**
**ON PETITION FOR WRIT OF MANDAMUS**

Relator Billy L. Hughes has filed a petition requesting this court to issue a writ of mandamus directing the Honorable Lee Waters, Judge of the 223rd District Court, to consider and rule on two motions filed in the divorce suit underlying this proceeding. For the reasons stated below, we deny the requested petition.

According to relator's petition, Judge Waters rendered a decree of divorce dissolving the marriage of relator and Carla Sue Hughes. Relator filed a motion for new trial and motion to modify and amend the divorce decree on April 21, 2003. In August and

November relator wrote[1] to the district court clerk inquiring about the status of the motions. In each instance, the clerk responded the court had not ruled on the motions and they were still pending.[2]  Without taking any other action to obtain a ruling on his motions, appellant initiated this original proceeding.

Relator has correctly stated the applicable standards for issuance of a writ of mandamus and we shall not repeat them here.  *See generally Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding).  Relator cites *Barnes v. State*, 832 S.W.2d 424 (Tex.App.–Houston 14th Dist. 1992) (orig. proceeding), among other cases, for the propositions that a trial court has no discretion to refuse to consider and act, within a reasonable time, on a motion properly before it and that mandamus is the proper remedy for a failure to do so.  *Id.* at 426.

There are two reasons why relator's petition must be denied.  First, the trial court has not refused to rule on relator's motions, and secondly, relator's petition does not meet the requirements for such pleadings set out in Rule of Appellate Procedure 52.  In *Stoner v. Massey*, 586 S.W.2d 843 (Tex. 1979), our Supreme Court articulated three elements necessary to show entitlement to a writ of mandamus: first, a legal duty to perform a nondiscretionary act; second, a demand for performance; and third, refusal of that demand. *Id.* at 846.

---

[1]Relator's petition shows he is an inmate, which we mention only to explain why his communication with the district clerk was through correspondence.

[2]These responses may not have been entirely accurate.  By virtue of Rule of Civil Procedure 329b(c) the motions likely were overruled by operation of law 75 days after rendition of the decree of divorce and were, therefore, no longer pending.

The opinion in *Barnes* illustrates the importance of the second element of *Stoner*. In *Barnes*, the relator sought a writ of mandamus directing the trial court to rule on his motions. *Id.* at 425. While agreeing the trial court had a duty to rule within a reasonable time, the court noted:

> The relator has not provided us with a record that shows that, after he filed his motions, relator asked the trial court for a hearing and ruling on his motions and the trial court refused to hold a hearing and to rule. From this record, it appears the relator did not take any action to alert the trial court that it had not yet considered his two motions.

*Id.* at 426. Based on this failure, the court denied the petition. *Id.*

By contrast, in *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268 (Tex.App.–San Antonio 1997) (orig. proceeding), also cited by relator, the court conditionally granted a writ of mandamus where the relator had made repeated written requests to the court coordinator to schedule hearings on its motion, requests that were expressly denied, and the trial judge expressly stated his refusal to rule on motions. *Id.* at 269. Here, as in *Barnes*, there is nothing to indicate relator has brought his motions to the attention of the trial court[3] by requesting a hearing or otherwise, or that such request has been denied. This omission requires denial of relator's petition. 832 S.W.2d at 426.

The second reason relator's petition must be denied is that it fails to meet the mandatory requirements of Rule of Appellate Procedure 52. Rule 52.3(j)(1) requires the

---

[3]That a document is filed with a court's clerk does not necessarily mean that the judge is aware of it. *See In re Chavez,* 62 S.W.3d 225, 228 (Tex.App.–Amarillo 2001) (orig. proceeding).

petition to include a certified or sworn copy of any "document showing the matter complained of." As applied to this proceeding, the rule required relator to provide us with, at a minimum, such copies of the motions forming the basis of his complaint. Without them, this court could not conclude the documents were properly before the trial court. *See Barnes*, 832 S.W.2d at 427. Relator's petition for writ of mandamus is denied.


James T. Campbell
Justice