NO. 07-05-0124-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 19, 2005



______________________________



IN RE WILLIAM DARRELL EDWARDS, RELATOR


_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Relator William Darrell Edwards has filed a petition requesting this court to issue a
writ of mandamus directing the 181st District Court of Potter County to rule on his motion
to obtain records. For the reasons stated below, we deny the request. 

 According to relator's petition, on December 21, 2004, he filed a motion to obtain a
transcript of proceedings to be used in preparing an application for a writ of habeas
corpus. (1) Without taking any action to obtain a ruling on his motion, appellant initiated this
original proceeding. The applicable standards for issuance of a writ of mandamus are well
established and we shall not repeat them here. See generally Canadian Helicopters Ltd.
v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding).

 There are two reasons why relator's petition must be denied. First, the trial court
has not refused to rule on relator's motion, and second, relator's petition does not meet the
requirements for such pleadings set out in Rule of Appellate Procedure 52. In Stoner v.
Massey, 586 S.W.2d 843 (Tex. 1979), our Supreme Court articulated three elements
necessary to show entitlement to a writ of mandamus such as that sought by relator: first,
a legal duty to perform a nondiscretionary act; second, a demand for performance; and
third, refusal of that demand. Id. at 846. 

 Presenting the court with a demand for performance provides the trial court an
opportunity to rule on the motion. Barnes v. State, 832 S.W.2d 424, 426
(Tex.App.-Houston 14th Dist. 1992) (orig. proceeding). In Barnes, the relator sought a writ
of mandamus directing the trial court to rule on his motions. Id. at 425. While agreeing the
trial court had a duty to rule within a reasonable time, the court noted:

 The relator has not provided us with a record that shows that, after he filed
his motions, relator asked the trial court for a hearing and ruling on his
motions and the trial court refused to hold a hearing and to rule. From this
record, it appears the relator did not take any action to alert the trial court that
it had not yet considered his two motions. 


Id. at 426. Based on this failure, the court denied the petition. Id. 


 By contrast, in Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268 (Tex.App.-San
Antonio 1997) (orig. proceeding) the court conditionally granted a writ of mandamus where
the relator had made repeated written requests to the court coordinator to schedule
hearings on its motion, requests that were expressly denied, and the trial judge expressly
stated his refusal to rule on motions. Id. at 269. Here, as in Barnes, there is nothing to
indicate relator has brought his motion to the attention of the trial court (2) by requesting a
hearing or otherwise, or that such request has been denied. This omission requires denial
of relator's petition. 832 S.W.2d at 426. 

 The second reason relator's petition must be denied is that it fails to meet the
mandatory requirements of Rule of Appellate Procedure 52. Rule 52.3(j)(1) requires the
petition to include a certified or sworn copy of any "document showing the matter
complained of." As applied to this proceeding, the rule required relator to provide us with,
at a minimum, a copy of the motion forming the basis of his complaint. Without it, this court
could not conclude the document was properly before the trial court. See Barnes, 832
S.W.2d at 427. Relator's petition for writ of mandamus is denied.




 James T. Campbell

 Justice



1. 
 ' ' 
 - 
- 
- 
2. That a document is filed with a court's clerk does not necessarily mean that the
judge is aware of it. See In re Chavez, 62 S.W.3d 225, 228 (Tex.App.-Amarillo 2001) (orig.
proceeding). 


d States Supreme Court in Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Hernandez v.
State, 726 S.W.2d 53, 57 (Tex.Crim.App.1986) (adopting Strickland as applicable standard
under Texas Constitution).
          Under the first prong of the Strickland test, an appellant must show that counsel's
performance was "deficient." Strickland, 466 U.S. at 687. "This requires showing that
counsel made errors so serious that counsel was not functioning as the 'counsel'
guaranteed the defendant by the Sixth Amendment." Id. To be successful in this regard,
an appellant "must show that counsel's representation fell below an objective standard of
reasonableness." Id. at 688. Under the second prong, an appellant must show that the
deficient performance prejudiced the defense. Id. at 687. The appropriate standard for
judging prejudice requires an appellant to "show that there is a reasonable probability that,
but for counsel's unprofessional errors, the result of the proceeding would have been
different. A reasonable probability is a probability sufficient to undermine confidence in the
outcome." Id. at 694. Appellant must prove both prongs of Strickland by a preponderance
of the evidence in order to prevail. Tong v. State, 25 S.W.3d 707, 712 (Tex.Crim.App.
2000); McFarland v. State, 845 S.W.2d 824, 842 (Tex.Crim.App.1992).
          Appellant alleges that his counsel was ineffective because trial counsel relied upon
a non-existent defense, which appellant states was a “crazy” defense, instead of urging a
defense recognized under Texas law. According to appellant’s contention, his trial counsel
should have placed more reliance on an entrapment defense. Further, appellant alleges
that his counsel did not understand the burden of proof in asserting an entrapment
defense.
          Simply speaking, the record totally belies the allegations of appellant. From the
beginning of voir dire and opening statements, appellant’s trial counsel emphasized that
his client was entrapped into committing this offense. The record is replete with
statements by counsel to that effect. Further, a review of the questioning of the State’s
witnesses demonstrate that appellant was relying on entrapment. During the defense’s
portion of the evidence at the guilt/innocence stage, appellant’s trial counsel placed Finch
on the witness stand and spent several hours examining the witness on the various
elements of an entrapment defense. At the conclusion of the evidence, the trial court gave
a legally correct entrapment charge. In the final analysis we can find no support for
appellant’s allegation that his trial counsel raised some sort of “crazy” non-existent defense
and failed to properly raise the entrapment defense. Accordingly, we find that appellant
has failed to demonstrate that trial counsel’s performance was deficient. Strickland, 466
U.S. at 687. Therefore, appellant’s first issue is overruled.
Improper Jury Argument
          Appellant next contends that the State improperly argued but fails to point out where
in the record the alleged improper argument occurred. Appellant generally alludes to
alleged argument about the drugs in question possibly being ultimately consumed by a
juror’s children or grandchildren. At the outset, we can find no objection to any argument
that might be the basis of appellant’s complaint. It is axiomatic that in order to complain
about a matter on appeal, an appellant must object at the time the issue arises at trial. See
Tex. R. App. P. 33.1(a)(1). If the objection is not preserved for appeal, it is waived and
nothing is preserved for appeal. Martinez v. State, 91 S.W.3d 331, 336 (Tex.Crim.App.
2002). Accordingly, appellant waived any issue regarding the State’s argument and the
issue is overruled.
Conclusion
          Having overruled appellants’s issues, the trial court’s judgment is affirmed. 




Mackey K. Hancock

Justice



Do not publish.