NO. 07-05-0276-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 11, 2005

_____

IN RE RANDY MACK LACKEY, RELATOR
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Relator Randy Mack Lackey has filed a petition seeking a writ of mandamus directing the Honorable Gordon Green, Judge of the 287th District Court, to rule on a motion for default judgment and for sanctions in an underlying civil suit relator brought against attorney Robert McCool. We will deny the petition.

A writ of mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law. *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding). It is the relator's burden to show entitlement to the relief being requested. *See generally Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding).

Relator alleges he filed a motion seeking default judgment, pursuant to Rule of Civil Procedure 239, "due to the failure of the Defendant McCool to answer the complaint." Attached to relator's mandamus petition is a copy of the motion relator alleges he filed. The motion states, though, that McCool did file an answer asserting a general denial. Rendition of a default judgment under Rule 239 is authorized when the defendant has not answered. Rule of Civil Procedure 92 provides a general denial is sufficient to place in issue all matters not required to be denied under oath. Relator has not alleged his petition asserted claims requiring a verified denial. *See* TEX. R. CIV. P. 93.

The motion also states that, on a request from the defense, the trial court abated the action pending resolution of another suit between the same parties proceeding in another county. Relator asserts McCool failed to "respond regarding the . . . Order of Abatement" within the time ordered by the trial court. He seeks to equate the asserted failure to timely respond to a failure to answer, requiring sanctions by either rendition of default judgment or as provided in Rule of Civil Procedure 215.2(b)(4).

There are several reasons relator has failed to show entitlement to the mandamus relief he seeks. In *Stoner v. Massey*, 586 S.W.2d 843 (Tex. 1979), our Supreme Court articulated three elements necessary to show entitlement to a writ of mandamus: first, a legal duty to perform a nondiscretionary act; second a demand for performance and third refusal of that demand. *Id.* at 846. We have no evidence of the instruction relator says the trial court gave to McCool or the deadline, if any, set for a response. Moreover, the answer on file prevented rendition of the default judgment relator seeks. TEX. R. CIV. P. 239. Relator's reliance on Rule 215.2(b)(4) also is misplaced. That rule authorizes a trial court

2

to impose sanctions for abuse of the discovery process.  *See* Tex. R. Civ. P. 215 ("Abuse of Discovery; Sanctions").  There is no allegation or showing of abuse of discovery here.

Secondly, the opinion in *Barnes v. State*, 832 S.W.2d 424 (Tex.App.–Houston [14th Dist.] 1992) (orig. proceeding), illustrates the importance of the second element of *Stoner*. In *Barnes*, the relator sought a writ of mandamus directing the trial court to rule on his motions.  *Id.* at 425.  While agreeing the trial court had a duty to rule within a reasonable time,[1] the court noted:

> The relator has not provided us with a record that shows that, after he filed his motions, relator asked the trial court for a hearing and ruling on his motions and the trial court refused to hold a hearing and to rule.  From this record, it appears the relator did not take any action to alert the trial court that it had not yet considered his two motions.

*Id.* at 426.  Based on this failure, the court denied the petition.  *Id.  Compare Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268 (Tex.App.–San Antonio 1997) (orig. proceeding) (relator had made repeated written requests to court coordinator to schedule hearings on its motion).  Here, as in *Barnes*, there is nothing to indicate relator has brought his motion to the attention of the trial court[2] by requesting a hearing or otherwise, or that such request has been denied.  This omission requires denial of relator's petition.  832 S.W.2d at 426.

---

[1] Relator does not address the effect of the trial court's abatement of the underlying suit on the reasonable time for ruling on pending motions.

[2] That a document is filed with a court's clerk does not necessarily mean that the judge is aware of it. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex.App.–Amarillo 2001) (orig. proceeding).

3

Relator's petition also fails to meet the mandatory requirements of Rule of Appellate Procedure 52. Rule 52.3(j)(1) requires the petition to include a certified or sworn copy of any "document showing the matter complained of." Relator's petition includes a copy of the motion he asserts he filed in the trial court. The document does not bear a file mark and the unsworn declaration in his petition does not purport to authenticate that document. We would be unable to conclude the document was properly before the trial court. *See Barnes*, 832 S.W.2d at 427. For these reasons, relator's petition for writ of mandamus must be, and is, denied.


James T. Campbell
Justice