NO. 07-05-0357-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 24, 2005



______________________________


 

IN RE ROBERT UNDERWOOD, RELATOR


_________________________________






Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 In this original proceeding relator Robert Underwood seeks a writ of mandamus
directing the Honorable Ed Self, Judge of the 242nd District Court to "comply with" Chapter
64 of the Code of Criminal Procedure authorizing post-conviction DNA testing. We deny
the petition.

 Chapter 64 of the Code of Criminal Procedure authorizes a convicted person to
seek forensic DNA testing by filing a motion and supporting affidavit in the convicting court. 
Tex. Code Crim. Proc. Ann. art. 64.01 - .05 (Vernon Supp. 2005). The motion may request
testing of evidence in possession of the State during trial of the offense that was not tested
or, if previously tested, there is a reasonable likelihood testing with newer techniques would
be more accurate and probative than the prior test. Art. 64.01(b). Under subdivision (c)
a movant is entitled to assistance of counsel if the movant requests appointment of
counsel, the trial court finds reasonable grounds for a motion and it determines the person
is indigent. Art. 64.01(c). 

 Relator's petition is the only document before this court. It does not state the
offense of which he was convicted or when that conviction occurred, nor has he attached
copies of any documents filed in the trial court as required by Rule of Appellate Procedure
52.3(j). The petition does not contain a prayer clearly stating what relief relator seeks. See
Tex. R. App. P. 52.3(i). We construe it as seeking a writ directing the trial court to appoint
counsel to represent relator in presenting a motion for DNA testing. 

 A writ of mandamus issues only to correct a clear abuse of discretion or the violation
of a duty imposed by law when there is no other adequate remedy at law. Canadian
Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding). It is the
relator's burden to show entitlement to the relief being requested. See generally Johnson
v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding ). In Stoner
v. Massey, 586 S.W.2d 843 (Tex. 1979), our Supreme Court articulated three elements
necessary to show entitlement to a writ of mandamus: first, a legal duty to perform a
nondiscretionary act; second, a demand for performance; and third, refusal of that
demand. Id. at 846. Relator's petition fails to establish those elements and must be
denied.

 Relator has failed to meet his burden to show the trial court had a duty to perform
a nondiscretionary act. A convicted person's entitlement to appointment of counsel in a
proceeding under Chapter 64 is conditioned on findings by the trial court there are
reasonable grounds to file the motion and the person is indigent. Art. 64.01(c). Relator
has failed to provide a copy of the request for appointment of counsel he filed in the trial
court. Consequently, we cannot determine whether he presented any basis on which the
trial court could find there were reasonable grounds for the motion. His petition does not
allege he established reasonable grounds for the motion to the trial court, or even the
existence of evidence subject to testing. Similarly, relator's petition does not show he
provided the trial court with a basis to determine he is indigent. There is no indication
relator filed an affidavit of indigence in the trial court. These omissions require denial of
relator's petition. 586 S.W.2d at 846.

 Moreover, relator has not established a demand for performance. Presenting the
court with a demand for performance provides the trial court an opportunity to rule on the
motion. Barnes v. State, 832 S.W.2d 424, 426 (Tex.App.-Houston [14th Dist.] 1992) (orig.
proceeding). In Barnes, the relator sought a writ of mandamus directing the trial court to
rule on his motions. Id. at 425. While agreeing the trial court had a duty to rule within a
reasonable time, the court noted:

 The relator has not provided us with a record that shows that, after he filed
his motions, relator asked the trial court for a hearing and ruling on his
motions and the trial court refused to hold a hearing and to rule. From this
record, it appears the relator did not take any action to alert the trial court
that it had not yet considered his two motions. 


Id. at 426. Based on this failure, the court denied the petition. Id. Compare Safety-Kleen
Corp. v. Garcia, 945 S.W.2d 268 (Tex.App.-San Antonio 1997) (orig. proceeding) (relator
had made repeated written requests to court coordinator to schedule hearings on its
motion). This omission also requires denial of relator's petition. Barnes, 832 S.W.2d at
426. Finally, without a demand for performance, relator cannot show refusal of that
demand by the trial court. For these reasons we deny relator's petition for writ of
mandamus.

 

 James T. Campbell

 Justice





#160;       Here, the evidence shows that Jimmy Henry, his wife Sharon, and daughter Ashland
left the house by 7 a.m. on September 12, 2007. When they returned home for lunch, they
discovered 1) the deadbolt on the front door had been engaged although it had not been
when they left, 2) the back gate was open, 3) the back door had been forced open and the
door leading to the garage was open, 4) a weed eater and tools were moved into the living
room, 5) computers, monitors, a television, and a DVD player had been unplugged and
placed in such a way as to suggest that the intruder was planning to take them, 6) each of
the three bedrooms had been ransacked, and 7) numerous items of personalty were
missing from the home. Though none of the family members knew appellant, his
fingerprints were found on the bottom of the DVD player and on a cell phone box from
which the cell phone had been removed. The DVD player had been purchased eight
months earlier in a packaged box.
          Absent from the record is any direct evidence of others being in the house besides
appellant. Nonetheless, appellant argues that the presence of other associates could be
inferred from the general upheaval encountered in the house and the magnitude of items
moved or taken. If we were to ignore those indicia allegedly suggesting that others were
present, we would still find appellant’s fingerprints on various items of displaced property
within the home. That would be enough to warrant his conviction for burglary when
coupled with the evidence that no one in the family knew him; those circumstances place
him in the home gathering personalty without the owner’s knowledge or permission. 
Consequently, the conduct of others was not needed to establish his guilt, which, according
to McCuin, means that the trial court was not obligated to instruct the jury on the law of
parties. 
          Accordingly, we overrule appellant’s issue and affirm the judgment.
 
                                                                           Per Curiam                                                                    
Do not publish.