NO. 07-05-0357-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 24, 2005

_____

IN RE ROBERT UNDERWOOD, RELATOR
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

In this original proceeding relator Robert Underwood seeks a writ of mandamus directing the Honorable Ed Self, Judge of the 242nd District Court to "comply with" Chapter 64 of the Code of Criminal Procedure authorizing post-conviction DNA testing.  We deny the petition.

Chapter 64 of the Code of Criminal Procedure authorizes a convicted person to seek forensic DNA testing by filing a motion and supporting affidavit in the convicting court.  Tex. Code Crim. Proc. Ann. art. 64.01 - .05 (Vernon Supp. 2005).  The motion may request testing of evidence in possession of the State during trial of the offense that was not tested or, if previously tested, there is a reasonable likelihood testing with newer techniques would be more accurate and probative than the prior test.  Art. 64.01(b).  Under subdivision (c) a movant is entitled to assistance of counsel if the movant requests appointment of

counsel, the trial court finds reasonable grounds for a motion and it determines the person is indigent.  Art. 64.01(c).

Relator's petition is the only document before this court.  It does not state the offense of which he was convicted or when that conviction occurred, nor has he attached copies of any documents filed in the trial court as required by Rule of Appellate Procedure 52.3(j).  The petition does not contain a prayer clearly stating what relief relator seeks.  *See* Tex. R. App. P. 52.3(i).  We construe it as seeking a writ directing the trial court to appoint counsel to represent relator in presenting a motion for DNA testing.

A writ of mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law.  *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding).  It is the relator's burden to show entitlement to the relief being requested.  *See generally Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding ).  In *Stoner v. Massey*, 586 S.W.2d 843 (Tex. 1979), our Supreme Court articulated three elements necessary to show entitlement to a writ of mandamus: first, a legal duty to perform a nondiscretionary act; second, a demand for performance; and third, refusal of that demand.  *Id.* at 846.  Relator's petition fails to establish those elements and must be denied.

Relator has failed to meet his burden to show the trial court had a duty to perform a nondiscretionary act.  A convicted person's entitlement to appointment of counsel in a proceeding under Chapter 64 is conditioned on findings by the trial court there are

2

reasonable grounds to file the motion and the person is indigent. Art. 64.01(c). Relator has failed to provide a copy of the request for appointment of counsel he filed in the trial court. Consequently, we cannot determine whether he presented any basis on which the trial court could find there were reasonable grounds for the motion. His petition does not allege he established reasonable grounds for the motion to the trial court, or even the existence of evidence subject to testing. Similarly, relator's petition does not show he provided the trial court with a basis to determine he is indigent. There is no indication relator filed an affidavit of indigence in the trial court. These omissions require denial of relator's petition. 586 S.W.2d at 846.

Moreover, relator has not established a demand for performance. Presenting the court with a demand for performance provides the trial court an opportunity to rule on the motion. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex.App.–Houston [14th Dist.] 1992) (orig. proceeding). In *Barnes*, the relator sought a writ of mandamus directing the trial court to rule on his motions. *Id.* at 425. While agreeing the trial court had a duty to rule within a reasonable time, the court noted:

> The relator has not provided us with a record that shows that, after he filed his motions, relator asked the trial court for a hearing and ruling on his motions and the trial court refused to hold a hearing and to rule. From this record, it appears the relator did not take any action to alert the trial court that it had not yet considered his two motions.

*Id.* at 426. Based on this failure, the court denied the petition. *Id.* *Compare Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268 (Tex.App.–San Antonio 1997) (orig. proceeding) (relator had made repeated written requests to court coordinator to schedule hearings on its

3

motion). This omission also requires denial of relator's petition. *Barnes*, 832 S.W.2d at 426. Finally, without a demand for performance, relator cannot show refusal of that demand by the trial court. For these reasons we deny relator's petition for writ of mandamus.


James T. Campbell
Justice