Petition for Writ of Mandamus Denied, and Memorandum Opinion filed June
19, 2008








 

Petition
for Writ of Mandamus Denied, and Memorandum Opinion filed June 19, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00462 -CV

____________

 

IN RE RALPH ARNOLD JACKSON, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

On June
2, 2008, relator Ralph Arnold Jackson filed paperwork thatBbased upon the relief requested
thereinBwe have construed as a petition for
writ of mandamus.[1]  No record
has been filed.  See Tex. R. App. P. 52.7.  As best we can
determine, relator has asked that we order the respondent to rule on his 
pending habeas corpus petition, which he claims was filed on May 9, 2008.  We
deny the petition for writ of mandamus.








When a
motion is properly filed and pending before a trial court, the act of giving
consideration to and ruling upon that motion is a ministerial act, and mandamus
may issue to compel the trial court to act.  Safety-Kleen Corp. v. Garcia,
945 S.W.2d 268, 269 (Tex. App.BSan Antonio 1997, orig. proceeding).  A trial court has a
reasonable time to perform the ministerial duty of considering and ruling on a
matter that was properly filed and before the court.  See In re Chavez,
62 S.W.3d 225, 228 (Tex. App.BAmarillo 2001, orig. proceeding).  No bright-line defines the
boundaries of what may be considered reasonable.  See id.  Instead,
whether the judge has acted within a reasonable time depends upon the
particular circumstances of the case, and rests on a Amyriad of criteria.@  See id.

The
absence of a mandamus record prevents us from evaluating the circumstances of
this case and, consequently, the merits of relator=s complaints.  See Barnes, 832
S.W.2d at 426 (AEven a pro se applicant for a writ of mandamus must show himself
entitled to the extraordinary relief he seeks.@).  Relator had the obligation to
provide us with evidence against which we could test the reasonableness of the
court=s alleged one-month delay.  See
Chavez, 62 S.W.3d at 229.  We must therefore conclude that relator has not
established his entitlement to the extraordinary relief of a writ of mandamus. 
Accordingly, we deny the petition for writ of mandamus in case number 14-08-00462-CV,
and all other requests for relief contained in that petition.

PER
CURIAM

Petition Denied and Memorandum Opinion filed, June 19,
2008.

Panel consists of Chief Justice Hedges, and Justices
Fowler and Boyce.









            [1]           We are
to liberally construe the pleadings of a party acting pro se.  See Barnes v.
State, 832 S.W.2d 424, 426-27 (Tex. App.BHouston
[1st Dist.] 1992, orig. proceeding).