Petition for Writ of Mandamus Denied, and Memorandum Opinion filed
August 26, 2008








 

Petition
for Writ of Mandamus Denied, and Memorandum Opinion filed August 26, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00743 -CV

____________

 

IN RE ROBERT LEE BANARGENT, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

On
August 6, 2008, relator Robert Lee Banargent filed a petition for writ of
mandamus which we construe as a request that we order the trial court to rule
on relator=s Motion for Relief from Judgment.  No sworn record has been filed, see Tex.
R. App. P. 52.7, and relator=s certificate of service does not reflect that the petition
was served upon the respondent.[1]  See Tex.
R. App. P. 9.5; In re Williams, No. 01-03-00401-CV, 2003 WL 1989679, at
*1 (Tex. App.CHouston [1st Dist.] May 1, 2003, orig. proceeding) (mem. op.) (denying
mandamus petition for failure to demonstrate service of petition upon
respondent).  We deny the petition for writ of mandamus.








When a
motion is properly filed and pending before a trial court, the act of
considering and ruling upon that motion is not a discretionary act, and
mandamus may issue to compel the trial court to act.  Safety-Kleen Corp. v.
Garcia, 945 S.W.2d 268, 269 (Tex. App.BSan Antonio 1997, orig. proceeding). 
A trial court has a reasonable time to perform the ministerial duty of
considering and ruling on a matter that was properly filed and before the
court.  See In re Chavez, 62 S.W.3d 225, 228 (Tex. App.BAmarillo 2001, orig. proceeding).  No
bright line defines the boundaries of what may be considered reasonable.  See
id.  Instead, whether the judge has acted within a reasonable time depends
upon the particular circumstances of the case, and rests on a Amyriad of criteria.@  See id.

The
absence of a mandamus record prevents us from evaluating the circumstances of
this case and, consequently, the merits of relator=s complaints.  See Barnes v. State,
832 S.W.2d 424, 426 (Tex. App.CHouston [1st Dist.] 1992, orig. proceeding) (AEven a pro se applicant for a writ of
mandamus must show himself entitled to the extraordinary relief he seeks.@).  It is relator=s obligation to provide us with
evidence against which we could test the reasonableness of the trial court=s alleged delay.  See Chavez,
62 S.W.3d at 229.  We must therefore conclude that relator has not established
his entitlement to the extraordinary relief of a writ of mandamus.








Even if
the petition met the briefing requirements of the Texas Rules of Appellate
Procedure, including a satisfactory record, it nevertheless would be denied. 
Mandamus relief does not lie where the relator has an adequate appellate
remedy.  See In re Entergy Corp., 142 S.W.3d 316, 320 (Tex. 2004) (orig.
proceeding).  To the extent that relator=s AMotion for Relief from Judgment@ liberally could be construed as a
motion for new trial, if not previously ruled-upon by written order,[2]
such motion would be overruled by operation of law upon the expiration of
seventy-five days from the date the judgment was signed.  See Tex.
R. Civ. P. 329b(c); Duncan v. City of Houston, No. 01-05-00079-CV, 2006
WL 181399, at *5 (Tex. App.CHouston [1st Dist.] Jan. 26, 2006, pet. denied) (mem. op.). 
Therefore, relator has not demonstrated that his appellate remedy is
inadequate.

Accordingly,
we deny the petition for writ of mandamus in case number 14-08-00743-CV, and
all other requests for relief contained in that petition.

PER
CURIAM

 

Petition Denied and Memorandum Opinion filed, August
26, 2008.

Panel consists of Justices Anderson, Fowler, and
Frost.









            [1]           Hon.
Thomas R. Culver, III, presiding judge of the 240th District Court, Fort Bend
County.





            [2]           Although
relator instructed the trial court to rule on his motion within thirty days, he
cites no authority for the suggestion that the trial court was bound by that
purported deadline.  See Chavez, 62 S.W.3d at 228 (permitting a Areasonable time@
for trial judges to rule on properly-pending motions).  We also note, but
decline to comply with, relator=s ultimatum
that we act upon his non-emergency mandamus petition within one week of its
filing.