Petition for Writ of Mandamus Denied, and Motion for Leave to File
Application for Writ of Mandamus Denied as Moot, and Memorandum Opinion filed
September 25, 2008








 

Petition
for Writ of Mandamus Denied, and Motion for Leave to File Application for Writ
of Mandamus Denied as Moot, and Memorandum Opinion filed September 25, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00856 -CV

____________

 

IN RE MARK ANTHONY PARMER, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

On
September 8, 2008, relator Mark Anthony Parmer filed a petition for writ of
mandamus in which he asks that we instruct the respondent[1]
to rule on relator=s request for disclosure of grand jury records.  Relator has
failed to file a sworn mandamus record.  See Tex. R. App. P. 52.7.  In
addition, relator=s unsigned certificate of service does not demonstrate that
the mandamus petition was served upon either the trial court or the State of
Texas.  See Tex. R. App. P. 9.5.  We deny the petition for writ of
mandamus.








Because
the act of considering and ruling upon a properly-filed and pending motion is
not discretionary, mandamus may issue to compel a trial court to act.  See
Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex. App.CSan Antonio 1997, orig. proceeding). 
However, a trial court has a reasonable time to perform the ministerial duty of
considering and ruling on a matter that was properly filed and before the
court.  See In re Chavez, 62 S.W.3d 225, 228 (Tex. App.CAmarillo 2001, orig. proceeding). 
There is no bright line that defines the boundaries of what may be considered
reasonable, and that determination depends upon the particular circumstances of
the case.  See id.

The absence
of a mandamus record prevents us from evaluating the circumstances of this case
and the merits of relator=s complaints.  See Barnes v. State, 832 S.W.2d 424,
426 (Tex. App.CHouston [1st Dist.] 1992, orig. proceeding).  To demonstrate his
entitlement to mandamus relief, relator must provide us with evidence against
which we may test the reasonableness of the trial court=s alleged delay.  See Chavez,
62 S.W.3d at 229.  He has failed to do so.

We
conclude that relator has not established his entitlement to the extraordinary
relief of a writ of mandamus.  Accordingly, we deny the petition for writ of
mandamus in case number 14-08-00856-CV.  We further deny as moot relator=s motion for leave to file his
mandamus petition.  See Tex. R. App. P. 52 & cmt.

PER
CURIAM

Petition Denied, and Motion for Leave to File
Application for Writ of Mandamus Denied as Moot, and Memorandum Opinion filed,
September 25, 2008.

Panel consists of Justices Yates, Seymore, and Boyce.









            [1]           Respondent
is the Honorable Brady G. Elliott, presiding judge of the 268th Judicial
District Court of Fort Bend County, Texas.