Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00678-CR

**IN RE** Leonard **CHILDS**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Sandee Bryan Marion, Justice
          Steven C. Hilbig, Justice
          Marialyn Barnard, Justice

Delivered and Filed: November 4, 2009

PETITION FOR WRIT OF MANDAMUS DENIED

On October 21, 2009, relator Leonard Childs filed an Application for Leave to File Petition for Writ of Mandamus and a Petition for Writ of Mandamus, seeking to compel the trial court to rule on his *pro se* motion to dismiss his attorney.

To obtain a writ of mandamus compelling the trial court to consider and rule on a motion, a relator must establish that the trial court: (1) had a legal duty to perform a non-discretionary act; (2) was asked to perform the act; and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). When a properly filed motion is pending before a trial court, the act of giving consideration to and ruling upon that motion is ministerial, and

---

[1] This proceeding arises out of Cause No. 2009-CR-2718A, styled *State of Texas v. Leonard Childs*, in the 186th Judicial District Court, Bexar County, Texas, the Honorable Maria Teresa Herr presiding.

mandamus may issue to compel the trial judge to act. *See Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). However, mandamus will not issue unless the record shows that a properly filed motion has awaited disposition for an unreasonable amount of time. *See id.* It is relator's burden to provide this court with a record sufficient to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); TEX. R. APP. P. 52.3(k), 52.7(a).

The record before us fails to establish relator is entitled to the relief requested. Although relator alleges he filed his motion on October 12, 2009, relator has not provided this court with a file stamped copy of the motion, a copy of the trial court's docket, or any other proof that he filed the motion and that it is pending before the trial court. Even if relator's motion was properly filed, the record does not show that relator's motion has awaited disposition for an unreasonable amount of time. *See Safety-Kleen*, 945 S.W.2d at 269 (trial court has reasonable time within which to perform its ministerial duty).

Accordingly, because relator has not met his burden of providing a record establishing that a motion was properly filed and has awaited disposition for an unreasonable amount of time, he has not provided this court with grounds to usurp the trial court's inherent authority to control its own docket. *See In re Mendoza*, 131 S.W.3d 167, 168 (Tex. App.—San Antonio 2004, orig. proceeding). Accordingly, relator's petition for writ of mandamus is denied. TEX. R. APP. P. 52.8(a). No leave is required to file a petition for writ of mandamus, therefore we deny the motion for leave to file as moot.

PER CURIAM

DO NOT PUBLISH