

## MEMORANDUM OPINION

No. 04-09-00728-CR

**IN RE** Jason **MIEARS**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice

Delivered and Filed: November 25, 2009

PETITION FOR WRIT OF MANDAMUS DENIED

On November 13, 2009, relator Jason Miears filed three petitions for writ of mandamus complaining of the trial court's failure to arraign him.[2]

Under *Safety-Kleen Corp.*, mandamus will not issue unless the record shows that a motion has been properly filed and the trial court has failed to rule on it in a reasonable amount of time. *See Safety-Kleen v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). Any motion relating to relator's complaint that he has not been arraigned would have to be filed by

---

[1] This proceeding arises out of Cause No. 2009-CR-6566, styled *State v. Jason Miears*, pending in the 379th Judicial District Court, Bexar County, Texas, the Honorable Ron Rangel presiding.

[2] One petition is entitled "Writ of Habeas Corpus" and one petition is entitled "Petition for Writ of Quo Warranto;" however, we construe them as mandamus petitions because they also complain of the trial court's failure to arraign relator.

relator's appointed counsel since he is not entitled to hybrid representation in the criminal proceeding in the trial court. *See Dunn v. State*, 819 S.W.2d 510, 525 (Tex. Crim. App. 1991); *see also Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). Consequently, we do not find any abuse of discretion by the trial court.

Additionally, relator requests that this court order the sheriff to transport him to a psychiatric hospital. However, we have no mandamus jurisdiction over a sheriff unless the issuance of the writ is necessary to enforce our jurisdiction. *In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding); *see also* TEX. GOV'T CODE ANN. § 22.221(a)-(b) (Vernon 2004). We conclude relator's request is not necessary to enforce our jurisdiction.

Therefore, we conclude that relator has not shown himself entitled to mandamus relief. Accordingly, the petition is DENIED. TEX. R. APP. P. 52.8(a).

PER CURIAM

DO NOT PUBLISH