•           •           • 
 • • •





MEMORANDUM OPINION

No. 04-09-00797-CR

IN RE Juan A. VELAZQUEZ

Original Mandamus Proceeding




PER CURIAM
 
Sitting:            Sandee Bryan Marion, Justice
Phylis Speedlin, Justice
Marialyn Barnard, Justice
 
Delivered and Filed: January 6, 2010 

PETITION FOR WRIT OF MANDAMUS DENIED
            Relator Juan A. Velazquez filed two petitions for writ of mandamus, complaining the trial
court has failed to rule on his pro se motions for speedy trial and motion to dismiss his appointed
counsel, Edward F. Shaughnessy. 
            As to relator’s first complaint that the trial court has failed to rule on his motion for speedy
trial, counsel has been appointed to represent relator in the criminal proceeding pending in the trial
court for which he is currently confined. A criminal defendant is not entitled to hybrid
representation. See Robinson v. State, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); Patrick v.
State, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). A trial court has no legal duty to rule on a pro
se motion filed with regard to a criminal proceeding in which the defendant is represented by
counsel. See Robinson, 240 S.W.3d at 922. Consequently, the trial court did not abuse its discretion
by declining to rule on relator’s pro se motion for speedy trial filed in the criminal proceeding
pending in the trial court. 
             Relator’s second complaint is that the trial court has failed to rule on his pro se motion to
dismiss his appointed counsel. However, in order to obtain a writ of mandamus compelling the trial
court to consider and rule on a motion, a relator must establish that the trial court: (1) had a legal
duty to perform a non-discretionary act; (2) was asked to perform the act; and (3) failed or refused
to do so. In re Molina, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding) (per
curiam). When a properly filed motion is pending before a trial court, the act of giving consideration
to and ruling upon that motion is ministerial, and mandamus may issue to compel the trial judge to
act. See Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex. App.San Antonio 1997, orig.
proceeding). However, mandamus will not issue unless the record shows that a properly filed
motion has awaited disposition for an unreasonable amount of time. See id. It is relator’s burden
to provide this court with a record sufficient to establish his right to relief. Walker v. Packer, 827
S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.3(k), 52.7(a). 
            The record before us fails to establish relator is entitled to the relief requested. The record
indicates that relator did file a pro se motion to dismiss his appointed counsel on December 4, 2009. 
However, a trial court has a reasonable time within which to perform its ministerial duty. See Safety-Kleen, 945 S.W.2d at 269. Relator has not established the motion has awaited disposition for an
unreasonable amount of time. 
            Because relator has not met his burden of providing a record establishing that a motion was
properly filed and has awaited disposition for an unreasonable amount of time, he has not provided
this court with grounds to usurp the trial court’s inherent authority to control its own docket. See
In re Mendoza, 131 S.W.3d 167, 168 (Tex. App.—San Antonio 2004, orig. proceeding).
Accordingly, relator’s petitions for writ of mandamus are denied. Tex. R. App. P. 52.8(a). 
PER CURIAM
DO NOT PUBLISH