*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



# MEMORANDUM OPINION

No. 04-09-00797-CR

**IN RE** Juan A. **VELAZQUEZ**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Sandee Bryan Marion, Justice
             Phylis Speedlin, Justice
             Marialyn Barnard, Justice

Delivered and Filed: January 6, 2010

PETITION FOR WRIT OF MANDAMUS DENIED

Relator Juan A. Velazquez filed two petitions for writ of mandamus, complaining the trial court has failed to rule on his *pro se* motions for speedy trial and motion to dismiss his appointed counsel, Edward F. Shaughnessy.

As to relator's first complaint that the trial court has failed to rule on his motion for speedy trial, counsel has been appointed to represent relator in the criminal proceeding pending in the trial court for which he is currently confined. A criminal defendant is not entitled to hybrid representation. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). A trial court has no legal duty to rule on a *pro*

---

[1] This proceeding arises out of Cause No. 2009-CR-8502, styled *State of Texas v. Juan A. Velazquez*, in the 175th Judicial District Court, Bexar County, Texas, the Honorable Mary Román presiding.

*se* motion filed with regard to a criminal proceeding in which the defendant is represented by counsel. *See Robinson*, 240 S.W.3d at 922. Consequently, the trial court did not abuse its discretion by declining to rule on relator's *pro se* motion for speedy trial filed in the criminal proceeding pending in the trial court.

Relator's second complaint is that the trial court has failed to rule on his *pro se* motion to dismiss his appointed counsel. However, in order to obtain a writ of mandamus compelling the trial court to consider and rule on a motion, a relator must establish that the trial court: (1) had a legal duty to perform a non-discretionary act; (2) was asked to perform the act; and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding) (per curiam). When a properly filed motion is pending before a trial court, the act of giving consideration to and ruling upon that motion is ministerial, and mandamus may issue to compel the trial judge to act. *See Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). However, mandamus will not issue unless the record shows that a properly filed motion has awaited disposition for an unreasonable amount of time. *See id.* It is relator's burden to provide this court with a record sufficient to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); TEX. R. APP. P. 52.3(k), 52.7(a).

The record before us fails to establish relator is entitled to the relief requested. The record indicates that relator did file a *pro se* motion to dismiss his appointed counsel on December 4, 2009. However, a trial court has a reasonable time within which to perform its ministerial duty. *See Safety-Kleen*, 945 S.W.2d at 269. Relator has not established the motion has awaited disposition for an unreasonable amount of time.

Because relator has not met his burden of providing a record establishing that a motion was properly filed and has awaited disposition for an unreasonable amount of time, he has not provided this court with grounds to usurp the trial court's inherent authority to control its own docket. *See In re Mendoza*, 131 S.W.3d 167, 168 (Tex. App.—San Antonio 2004, orig. proceeding). Accordingly, relator's petitions for writ of mandamus are denied. TEX. R. APP. P. 52.8(a).

PER CURIAM

DO NOT PUBLISH