



## MEMORANDUM OPINION

No. 04-11-00155-CR

**IN RE** Adam **HALE**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Sandee Bryan Marion, Justice
             Rebecca Simmons, Justice
             Marialyn Barnard, Justice

Delivered and Filed:  March 16, 2011

PETITION FOR WRIT OF MANDAMUS DENIED

On February 24, 2011, relator filed a petition for writ of mandamus, seeking to compel the trial court to rule on his *pro se* motion for speedy trial and motion to dismiss appointed counsel.  Based on the following reasons, we deny the petition for writ of mandamus.

With regard to the *pro se* motion for speedy trial, counsel has been appointed to represent relator in the criminal proceeding pending in the trial court for which he is currently confined.[2] A criminal defendant is not entitled to hybrid representation.  *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). A trial court has no legal duty to rule on *pro se* motions or petitions filed with regard to a

---

[1] This proceeding arises out of Cause No. NM093339, in the 175th Judicial District Court, Bexar County, Texas, the Honorable Mary Roman presiding.

[2] Attorney Barry Hitchings was appointed to represent relator in the trial court proceeding.

criminal proceeding in which the defendant is represented by counsel. *See Robinson*, 240 S.W.3d at 922. Consequently, the trial court did not abuse its discretion by declining to rule on relator's *pro se* motions filed in the criminal proceeding pending in the trial court.

With regard to relator's complaint that the trial court has failed to rule on his *pro se* motion to dismiss appointed counsel, relator must establish that the trial court: (1) had a legal duty to perform a non-discretionary act; (2) was asked to perform the act; and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). When a properly filed motion is pending before a trial court, the act of giving consideration to and ruling upon that motion is ministerial, and mandamus may issue to compel the trial judge to act. *See Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). However, mandamus will not issue unless the record indicates that a properly filed motion has awaited disposition for an unreasonable amount of time. *See id.* Relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a) ("Relator must file with the petition [ ] a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"); *see also* TEX. R. APP. P. 52.3(k)(1)(A); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992).

Here, relator has not provided this court with a file stamped copy of his motion or any other documents to show that a properly filed motion is pending before the trial court. Additionally, relator asserts he filed his motion to dismiss appointed counsel on February 22, 2011, just two days before relator's petition for writ of mandamus was filed in this court. Clearly relator cannot establish the motion has awaited disposition for an unreasonable amount of time.

Based on the foregoing, we conclude relator has not shown himself entitled to mandamus relief. Accordingly, relator's petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

Additionally, relator filed an Application for Leave to File Petition for Writ of Mandamus. No leave is required to file a petition for writ of mandamus in this court. TEX. R. APP. P. 52. Therefore, relator's motion for leave to file is DENIED as moot.

PER CURIAM

DO NOT PUBLISH