Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-11-00181-CR

**IN RE** John Christopher **MCELHATTEN**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:       Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Rebecca Simmons, Justice

Delivered and Filed:  April 6, 2011

PETITION FOR WRIT OF MANDAMUS DENIED

On March 7, 2011, relator filed a petition for writ of mandamus, seeking to compel the trial court to rule on his *pro se* motion to dismiss appointed counsel and "petition for writ of habeas corpus excessive bail."

With regard to the *pro se* "petition for writ of habeas corpus excessive bail," counsel has been appointed to represent relator in the criminal proceeding pending in the trial court for which he is currently confined.[2]  A criminal defendant is not entitled to hybrid representation. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995).  A trial court has no legal duty to rule on *pro se* motions or

---

[1] This proceeding arises out of Cause No. 2010-CR-10992 & 2010-CR-10993, styled *State of Texas v. John Christopher McElhatten*, pending in the 437th Judicial District Court, Bexar County, Texas, the Honorable Lori Valenzuela presiding.

[2] Attorney Wayne Huff was appointed to represent relator in the trial court proceeding.

petitions filed with regard to a criminal proceeding in which the defendant is represented by counsel. *See Robinson*, 240 S.W.3d at 922. Consequently, the trial court did not abuse its discretion by declining to rule on relator's *pro se* motion filed in the criminal proceeding pending in the trial court.

With regard to relator's complaint that the trial court has failed to rule on his *pro se* motion to dismiss appointed counsel, relator must establish that the trial court: (1) had a legal duty to perform a non-discretionary act; (2) was asked to perform the act; and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). When a properly filed motion is pending before a trial court, the act of giving consideration to and ruling upon that motion is ministerial, and mandamus may issue to compel the trial judge to act. *See Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). However, mandamus will not issue unless the record indicates that a properly filed motion has awaited disposition for an unreasonable amount of time. *See id.* Relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a) ("Relator must file with the petition [ ] a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"); *see also* TEX. R. APP. P. 52.3(k)(1)(A); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992).

Here, relator has not provided this court with a file stamped copy of his motion or any other documents to show that a properly filed motion is pending before the trial court. Additionally, relator asserts he filed his motion to dismiss appointed counsel on March 3, 2011, just four days before relator's petition for writ of mandamus was filed in this court. Relator has

failed to meet his burden that a properly filed motion has awaited disposition for an unreasonable amount of time. *See id.*

Based on the foregoing, we conclude relator has not shown himself entitled to mandamus relief. Accordingly, relator's petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

DO NOT PUBLISH