**SAFETY–KLEEN CORP., Relator,**

v.

**The Honorable Ricardo H. GARCIA, Respondent.**

**No. 04–97–00167–CV.**

Court of Appeals of Texas, San Antonio.

April 17, 1997.

J. Truscott Jones, James J. McGoldrick, The Jones Law Firm, Dallas, for appellant.

Hector P. Gonzalez, Law Offices of Hector P. Gonzalez, Alice, for appellee.

Before RICKHOFF, GREEN and ANGELINI, JJ.

GREEN, Justice.

Relator, Safety–Kleen Corp. ("Safety–Kleen"), seeks a writ of mandamus to require the Respondent, The Honorable Ricardo H. Garcia, to set a hearing on Safety–Kleen's motion to compel answers to interrogatories, which was filed on January 20, 1997.[1] We conditionally grant the writ to compel Judge Garcia to act.

### PROCEDURAL HISTORY

Safety–Kleen is one of 254 defendants originally sued by 72 plaintiffs for personal

---

1.  The real parties in interest did not file a written response and were not represented at oral argu-  ment.

injuries allegedly caused by exposure to cement products. Safety–Kleen served the plaintiffs with its first set of interrogatories between November 14, 1996 and December 6, 1996. The plaintiffs filed a joint answer to the interrogatories on January 15, 1997. On or about January 20, 1997, Safety–Kleen filed a motion to compel contending the plaintiffs "refused to submit any of the information specifically requested by [certain] interrogatories."[2]

On January 27, 1997, Safety–Kleen sent a letter to the court coordinator requesting that a hearing be set on its motion. On February 11, 1997, Safety–Kleen forwarded a second written demand to the court coordinator to set the motion for hearing. The letter notes that Safety–Kleen previously contacted the court several times regarding its request. Safety–Kleen has also included in our record an affidavit from its attorney stating that the court coordinator refused to set the motion for a hearing. The last time the court coordinator was contacted, she informed Safety–Kleen's attorney that "no motions [would] be set for hearing until October of 1997."

### DISCUSSION

■ A trial court is required to consider and rule upon a motion within a reasonable time. *Barnes v. State,* 832 S.W.2d 424, 426 (Tex.App.—Houston [1st Dist.] 1992, orig. proceeding); *see also Kissam v. Williamson,* 545 S.W.2d 265, 266–67 (Tex.Civ.App.—Tyler 1976, orig. proceeding)(mandamus will issue where trial judge refuses to act within a reasonable time). "When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act," and mandamus may issue to compel the trial judge to act. *O'Donniley v. Golden,* 860 S.W.2d 267, 269–70 (Tex.App.—Tyler 1993, orig. proceeding); *see also Eli Lilly and Co. v. Marshall,* 829 S.W.2d 157, 158 (Tex.1992)(trial court abuses its discretion by refusing to conduct hearing and render decision on motion); *Chiles v. Schuble,* 788 S.W.2d 205, 207 (Tex.App.—Houston [14th Dist.] 1990, orig. pro-

ceeding)(mandamus is appropriate to require trial judge to hold hearing and exercise discretion); *Baluch v. Miller,* 774 S.W.2d 299, 302 (Tex.App.—Dallas 1989, orig. proceeding)(appellate court may compel trial court to proceed to trial and exercise discretion).

■ Although Judge Garcia's refusal to act is evident in his failure to set Safety–Kleen's motion for hearing, Judge Garcia has also expressly indicated in recorded statements made at a preliminary hearing that he will refuse to act in regard to such motions:

MR. EDWARDS [Plaintiffs' Attorney]: Your Honor, Don Edwards. As Mr. Gonzalez was stating earlier, we have conducted discovery towards the defendants in response to their motion for transfer, and I believe—roughly, it was five to ten percent of the defendants have responded to this discovery. So at this point until the defendant—

THE COURT: I'm not responsible for the defendants not responding to your motions.

MR. EDWARDS: Yes, sir.

THE COURT: Now, don't ask me to participate in your pretrial discovery because I'm not. I don't have the time.

\*　　\*　　\*　　\*　　\*　　\*

MR. KELLY [Plaintiffs' Attorney]: ... But the frustration of the Plaintiff is that there's no response whatsoever. We're being asked to go forward and prove our venue facts when there's no corporation [sic] at all on the part of the defendants to give us those very venue facts. And that is why the motion to postpone was filed. It was filed in good faith to advise the Court that if we can have a sufficient period of time and the Court's help in obtaining the venue.

THE COURT: No. Don't ask for my help. You're not going to get it. I'm not going to get involved in the discovery. That's your problem.

MR. KELLY: All right. The second part of my statement, if we could have efficient

---

2. Safety–Kleen contends it is entitled to the discovery under the precedent established in *Able Supply Co. v. Moye,* 898 S.W.2d 766 (Tex.1995). We are not called upon to address the merits of Safety–Kleen's motion in this proceeding.

[sic] time at which to obtain the venue facts, then we will be able to go forward.

THE COURT: And supposedly [sic] they won't answer then what will you do?

MR. KELLY: At that point we would have to use the Court's measures and motions to compel and have hearings before the court.

THE COURT: No, no. That's exactly what I want to avoid. If you're going— Don't you even think for one minute that you're going to pretrial me to death in this case because it won't happen. I'm telling you it won't happen.

\* \* \* \* \* \*

THE COURT: Okay. Anybody else? Okay. What else on this motion? Okay. Let me rule on this motion then. The Court is going to grant this motion. I'm going to give extended time for the hearing on the motion to transfer venue. It's set for when you say?

MR. GONZALEZ: February 6.

THE COURT: No. I'm going to set it. Don't tell me. Don't even suggest. You wanted a ruling from me, you're going to get it. This case is set for the motion to transfer for October the 14th. That'll give you enough time to complete everything. And if you haven't done it by then, by golly, you better get this case out of here.

MS. HUSTON: Your Honor, could you repeat that.

THE COURT: October the 14th. That's going to be a Tuesday. Now, what other motion.

MS. HOUSTON: Thank you, Your Honor.

THE COURT: What other motion?

MR. GONZALEZ: Clarification. What was the discovery limited to?

THE COURT: I'm not going to limit any of the discovery. I'm not going to get involved in the discovery. That's up to you. Don't get me involved in that.

It is clear from the record before us that Judge Garcia simply does not want to be involved in this case:

THE COURT: Well, now venue facts should have already been investigated before you filed suite [sic]. Why are you taking my time? Listen. I didn't ask for you guys—for the Plaintiffs to file in my Court. I didn't ask for this case. I didn't beg you to file it in my Court. My god. I don't want it take it out. And if there's any legal grounds of taking this case out of here, you bet you I'm going to grant it. You bet you I'm going to grant it. I don't want this case. I'm not begging for it so don't ask me to rule on your side just because you filed it here. You weren't doing me any favors.

■ Despite Judge Garcia's misgivings, he is the elected official assigned to hear this cause, and neither the case law previously cited nor the Texas Code of Judicial Conduct give Judge Garcia the discretion to refuse to hear or rule on Safety–Kleen's motion within a reasonable period of time. *See* TEX.CODE JUD. CONDUCT, Canon 3 (1994), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. B (Vernon Supp.1997)("judge shall hear and decide matters;" "judge shall dispose of all judicial matters promptly, efficiently and fairly"). Safety–Kleen's right to discovery cannot be abated or otherwise affected by the pendency of a motion to transfer venue. TEX.R.CIV.P. 88. We therefore conditionally grant Safety–Kleen's petition for writ of mandamus. The writ shall issue only upon certification to this court that Judge Garcia has failed to hear and rule on Safety–Kleen's motion to compel by May 12, 1997.

RICKHOFF, J., concurs.

RICKHOFF, Justice, concurring.

I fully concur in the opinion and judgment. I write separately to emphasize the potential for future problems in this case and to warn of the consequences for the Bar, Bench and our justice system if they are not expeditiously addressed.

Mass products liability litigation requires an exceptionally competent trial judge heavily gifted with the four classical virtues of prudence, justice, temperance and fortitude in order to ensure that the injustices uncovered in *Able Supply Co. v. Moye*, 898 S.W.2d 766 (Tex.1995), do not recur. These same unjust results loom now; indeed, Safety–Kleen acknowledged during oral argument

that it was a successful defending party in *Able* (if one considers the nonrecoupable expenditure of $400,000.00 in fees a success).

In *Able,* the Texas Supreme Court stressed that "[t]his Court will not tolerate the abuses that have occurred in the management of this case," identifying the potential for injustice. *Id.* at 773. Plaintiffs afflicted with mesothelioma had received $1,800.00, while "Plaintiff's counsel [had] received $2,400,000.00." *Id.* at 772. After eight years of mismanaged litigation, "[d]efense costs [had] mounted to millions of dollars over the [prior] two years alone." *Id.* at 771.

Without proper case management, this *Able*–Dickensian nightmare will repeat, and the publicity generated will further erode the public's confidence in the system of justice we are all sworn to serve. If we are perceived to be awash in unrestrained litigation abuse, juries may be tempted to ignore litigants with compelling liability and damage issues. To torturously mix three metaphors, some lawyers so serve mammon[1] they risk killing their golden calf.

---

**1.** *See J.K. and Susie L. Wadley Research Inst. and Blood Bank v. Morris,* 776 S.W.2d 271, 284 n. 1 (Tex.App.—Dallas 1989, orig. proceeding).