NO. 07-01-0174-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 28, 2001



______________________________




CHASITY RENEE UPTON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;



NO. 93,213; HONORABLE PAMELA C. SIRMON, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Chasity Renee Upton filed a Motion to Dismiss Appeal on September 24,
2001, averring that she no longer wishes to prosecute her appeal. The Motion to Dismiss
is signed by both appellant and her attorney. 

 Without passing on the merits of the case, appellant's motion for voluntary dismissal
is granted and the appeal is hereby dismissed. Tex. R. App. P. 42.2. Having dismissed 


the appeal at appellant's personal request, no motion for rehearing will be entertained and
our mandate will issue forthwith. 



 Phil Johnson

 Justice













Do not publish.



elief); see also Safety-Kleen Corp. v.
Garcia, 945 S.W.2d 268, 269 (Tex.App.-San Antonio 1997) (orig. proceeding). But the law
is equally well-settled that one requesting mandamus relief bears the burden to provide a
record sufficient to establish his right to the relief. See Walker v. Packer, 827 S.W.2d 833,
837 (Tex. 1992) (stating standard); In re Villareal, 96 S.W.3d 708, 711 (Tex.App.-Amarillo)
(orig. proceeding) (applying standard to claim of trial court's failure to rule). (1) The rules
governing original proceedings require a relator to provide certified or sworn copies of any
order or other document showing the matter complained of. Tex. R. App. P. 52.3(j)(1)(A). 
Relator has not provided us with a record showing Judge McCoy's refusal to act on a
motion properly filed and pending in his court. Relator's mere statement characterizing a
response he alleges he received from Judge McCoy as one refusing to rule on relator's
motions does not meet the requirement of a record (2) establishing relator's right to the relief
he seeks. Having considered the supplemental materials relator has filed together with his
motion for rehearing, we find he still has not demonstrated Judge McCoy has refused to
perform a nondiscretionary or ministerial act. See Villareal, 98 S.W.3d at 711 (describing
factors relevant to such determination). We overrule relator's motion for rehearing. 

 Per Curiam 
1. Relator's original petition for mandamus contained the request that we "excuse him
from Rule [of Appellate Procedure] 52.7." We dismissed the request as moot on original
submission, but we could as well have denied it on its merits. Litigants proceeding pro se,
like other litigants, must abide by the applicable rules of procedure. Holt v. F. F.
Enterprises, 990 S.W.2d 756, 759 (Tex.App.-Amarillo 1998, pet. denied). 
2. For example, relator makes repeated references to correspondence he says he
received from Judge McCoy, but relator has not provided us with any such
correspondence.