No. 04-02-00004-CV



In re Lawrence COLLINS, Jr.,



Original Mandamus Proceeding


Arising from the 45th District Court, Bexar County, Texas 


Trial Court No. 1999-CI-15915

Honorable Carol R. Haberman, Judge Presiding





PER CURIAM


Sitting: Phil Hardberger, Chief Justice

 Paul W. Green, Justice

 Sandee Bryan Marion, Justice

 

Delivered and Filed: January 23, 2002


PETITION FOR WRIT OF MANDAMUS DENIED


 On January 3, 2002, relator filed a motion for leave to file a petition for writ of mandamus.
That motion is GRANTED. On the same date, relator filed a petition for writ of mandamus in which
he asks this court to direct Judge Haberman to set his case for trial and rule on various motions he
contends he filed throughout 1999 and into 2001. 

 A trial court is required to consider and rule upon a motion within a reasonable time.
Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex. App.--San Antonio 1997, orig.
proceeding). When a motion is properly filed and pending before a trial court, the act of giving
consideration to and ruling upon that motion is a ministerial act, and mandamus may issue to compel
the trial judge to act. Id. However, relator has not provided this court with copies of his motions,
a copy of the trial court's docket, or any other proof that he filed these motions and that they are
pending before the trial court. It is the relator's burden to provide this court with a record sufficient
to establish his right to relief. Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992). 

 Because relator has not met his burden of providing a record establishing that a properly filed
motion has awaited disposition for an unreasonable time, he has not provided the court with grounds
to usurp the trial court's inherent authority to control its own docket. Therefore, this court has
determined that relator is not entitled to the relief sought, and the petition is DENIED. Tex. R. App.
P. 52.8(a).

 PER CURIAM

DO NOT PUBLISH