MEMORANDUM OPINION



No. 04-03-00042-CV



IN RE Charlene HOLLAND



Original Mandamus Proceeding (1)



Opinion by: Paul W. Green, Justice

Dissenting opinion by: Alma L. López, Chief Justice


Sitting: Alma L. López, Chief Justice

 Paul W. Green, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: February 12, 2003


PETITION FOR WRIT OF MANDAMUS DENIED

 In this original proceeding, relator Charlene Holland asks that we order the presiding
judge of the 227th District Court to hold a hearing and rule on her application for bond
pending appeal. For the following reasons, we deny the requested relief. 

 Mandamus issues only to correct a clear abuse of discretion or a violation of a duty
imposed by law when there is no other adequate remedy at law. See Walker v. Packer, 827
S.W.2d 833, 839 (Tex. 1992). A trial court is required to consider and rule upon a motion
within a reasonable time. In re Ramirez, 994 S.W.2d 682, 683 (Tex. App.-San Antonio
1998, orig. proceeding). "When a motion is properly filed and pending before a trial court,
the act of giving consideration to and ruling upon that motion is a ministerial act, and
mandamus may issue to compel the trial judge to act." In re Ramirez, 994 S.W.2d at 683-84
(citing Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex. App.-San Antonio 1997,
orig. proceeding)). The movant must show that the matter was brought to the attention of
the trial court and the trial court refused to rule. Barnes v. State, 832, S.W.2d 424, 426-27
(Tex. App.-Houston [1st Dist.] 1992, orig. proceeding) (emphasis added). 

 Holland's "Application for Writ of Habeas Corpus Bail Pending Appeal" was placed
in the clerk's record but was never file-stamped. Similarly, Holland's "Motion to Dismiss
Counsel and Reappointment (sic) Counsel Pending Appeal" (2) and her letter asking the trial
court coordinator to set the application for bond for hearing is contained in the record but not
file-stamped. Because of the state of the record, and through no apparent fault of Holland,
it does not appear that the application for bond was brought to the attention of the trial court
or that the trial court refused to rule on the application. We are confident that the trial court
will address the application for bond within a reasonable time now that the request has been
brought to its attention. Therefore, we deny the petition for writ of mandamus. Paul W. Green, Justice

Publish
1. This proceeding arises out of Cause No. 2002-CR-1845B, styled State of Texas v. Venetia Frazier aka
Charlene Holland, appealed from the 227th Judicial District Court, Bexar County, Texas, the Honorable Philip A.
Kazen, Jr., presiding.
2. Although not indicated in the title of the motion, this pleading contains a second request for bail pending
appeal.