Petition for Writ of Mandamus Denied and Memorandum Opinion filed May
27, 2004









Petition for Writ of Mandamus Denied and Memorandum
Opinion filed May 27, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00434-CV

____________

 

IN RE ALVIN CHARLES DUNCAN, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT
OF MANDAMUS

 



 

M E M O R A N D U M   O
P I N I O N

On May 3, 2004, relator filed a petition for
writ of mandamus in this court.  See Tex. Gov=t. Code Ann. ' 22.221 (Vernon Supp. 2004); see
also Tex. R. App. P. 52.  The petition is related to an interlocutory
appeal pending under this court=s number 14-04-00319-CV, styled City of Houston v. Alvin
Charles Duncan.  In the appeal, the
City is challenging the trial court=s denial of its plea to the
jurisdiction in relator=s suit for injuries sustained in a bicycle accident on a City
sidewalk pending in cause number 2003-45152 in the 133rd District Court of
Harris County.  In relator=s petition, he seeks to have this
court compel the Honorable Lamar McCorkle, presiding judge of the 133rd
District Court, to rule on relator=s pending motions to (1) appoint
counsel to represent relator both at trial and on appeal, and (2) compel
production of discovery and for sanctions in cause number 2003-45152.  








Mandamus is an extraordinary remedy, available only when a
trial court clearly abuses its discretion, either in resolving factual issues
or in determining legal principles, and there is no other adequate remedy by
appeal.  In re Kuntz, 124 S.W.3d
179, 180 (Tex. 2003) Walker v. Packer, 827 S.W.2d 833, 839‑40
(Tex. 1992). 

When a motion is properly filed and pending before a trial
court, the act of giving consideration to and ruling upon that motion is a
ministerial act, and mandamus may issue to compel the trial judge to act.  Safety-Kleen Corp. v. Garcia, 945 S.W.2d
268, 269 (Tex. App.CSan Antonio 1997, orig. proceeding).  Among the factors to be considered in
determining whether the trial court has violated a ministerial duty to rule on
pending motions are the trial court=s actual knowledge of the motions and
its overt refusal to act on them.  See
In re Bates, 65 S.W.2d 133, 135 (Tex. App.CAmarillo 2001, orig.
proceeding).  While relator has provided
copies of his motions, the copies are not certified and bear no file
stamps.  In addition, the record does not
establish the motions were filed and presented to the trial court for
ruling.  Thus, the record before this
court fails to demonstrate that relator=s motions were properly filed and the
trial court had actual knowledge of them. 
Relator has not met his burden to prove his entitlement to mandamus
relief.  See Walker, 827 S.W.2d at
837.  

We deny relator=s petition for writ of mandamus. 

 

PER CURIAM

 

 

Petition Denied
and Memorandum Opinion filed May 27, 2004.

Panel consists of
Chief Justice Hedges and Justices Frost and Guzman.