*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00683-CR

**IN RE** Martin A. **CASAREZ**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Alma L. López, Chief Justice
Sandee Bryan Marion, Justice
Rebecca Simmons, Justice

Delivered and Filed:   October 22, 2008

PETITION FOR WRIT OF MANDAMUS DENIED

On September 9, 2008, relator Martin A. Casarez filed a petition for writ of mandamus, complaining of the trial court's failure to rule on his motion for reduction of sentence. To obtain a writ of mandamus compelling the trial court to consider and rule on a motion, a relator must establish that the trial court: (1) had a legal duty to perform a non-discretionary act; (2) was asked to perform the act; and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). A trial court is required to consider and rule upon a motion within a reasonable time. *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). When a motion is properly filed and pending before

---

[1] This proceeding arises out of Cause No. 2007-CR-8706, styled *State of Texas v. Martin A. Casarez*, in the 226th Judicial District Court, Bexar County, Texas, the Honorable Sid L. Harle presiding.

a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act, and mandamus may issue to compel the trial judge to act. *Id.* However, the trial court has a reasonable time within which to perform this ministerial duty. *Id.* Here, relator has provided this court with a copy of the motion he alleges he filed on August 26, 2008. However, relator has not provided this court with a file stamped copy of the motion, a copy of the trial court's docket, or any other proof that he filed the motion and that it is pending before the trial court. It is relator's burden to provide this court with a record sufficient to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); TEX. R. APP. P. 52.3(j), 52.7(a).

Relator has not met his burden of establishing that the trial court is actually aware of the motion and/or has refused to rule on it, nor has he established any of the circumstances necessary to establish that his request has been pending for an unreasonable amount of time. Accordingly, the petition for writ of mandamus is denied without prejudice to refile with a sufficient record in accordance with Texas Rules of Appellate Procedure 52.3(j) and 52.7(a).

PER CURIAM

DO NOT PUBLISH