*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

## MEMORANDUM OPINION

No. 04-09-00438-CR

**IN RE** Ricardo **LOPEZ**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Karen Angelini, Justice
              Steven C. Hilbig, Justice
              Marialyn Barnard, Justice

Delivered and Filed:   August 12, 2009

PETITION FOR WRIT OF MANDAMUS DENIED

On July 20, 2009, relator Ricardo Lopez filed a petition for writ of mandamus, complaining

of the trial court's failure to rule on his "Motion to Dismiss-Failure to Provide a Speedy Trial." To

obtain a petition for writ of mandamus compelling the trial court to consider and rule on a motion,

a relator must establish that the trial court: (1) had a legal duty to perform a non-discretionary act;

(2) was asked to perform the act; and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885,

886 (Tex. App.—San Antonio 2003, orig. proceeding). When a properly filed motion is pending

before a trial court, the act of giving consideration to and ruling upon that motion is ministerial, and

---

[1] This proceeding arises out of Cause No. 2008-CR-7574, styled *State v. Ricardo Lopez*, pending in the 144th Judicial District Court, Bexar County, Texas, the Honorable Catherine Torres-Stahl presiding.

mandamus may issue to compel the trial judge to act. *See Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). However, relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a) ("Relator must file with the petition [ ] a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"); *see also* TEX. R. APP. P. 52.3(k)(1)(A); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992). Here, relator has not provided this court with a file stamped copy of his motions or any other documents to support his claim for relief. Nor has relator established that the trial court has been made aware of his motions or has expressly refused to rule on them. *See In re Isbell*, No. 04-06-00558-CV, 2006 WL 3206075, at *2 (Tex. App.—San Antonio November 8, 2006, orig. proceeding) (mem. op.). We conclude that relator has not shown himself entitled to mandamus relief. Accordingly, the petition for writ of mandamus is denied. TEX. R. APP. P. 52.8(a).

Additionally, relator filed an Application for Leave to File Petition for Writ of Mandamus. No leave is required to file a petition for a writ of mandamus in this court. TEX. R. APP. P. 52. Therefore, relator's motion for leave to file is denied as moot.

PER CURIAM

DO NOT PUBLISH