Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

No. 04-10-00770-CV

**IN RE** Hector M. **MELLO**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Karen Angelini, Justice
               Sandee Bryan Marion, Justice
               Rebecca Simmons, Justice

Delivered and Filed: November 3, 2010

PETITION FOR WRIT OF MANDAMUS DENIED

On October 22, 2010, relator Hector M. Mello filed a petition for writ of mandamus, seeking to compel the trial court to rule on his "writ of replevin." However, in order to obtain a petition for writ of mandamus compelling the trial court to consider and rule on a motion, a relator must establish that the trial court: (1) had a legal duty to perform a non-discretionary act; (2) was asked to perform the act; and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). When a properly filed motion is pending before a trial court, the act of giving consideration to and ruling upon that motion is ministerial, and mandamus may issue to compel the trial judge to act. *See Safety-Kleen Corp. v.*

---

[1] This proceeding arises out of Cause No. 2005-CI-18191, styled *State of Texas v. Four Thousand One Hundred Fifty-Five Dollars ($4,155.00) United States Currency*, in the 57th Judicial District Court, Bexar County, Texas, the Honorable Antonia Arteaga presiding.

*Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). However, relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a) ("Relator must file with the petition [ ] a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"); *see also* TEX. R. APP. P. 52.3(k)(1)(A); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992).

Here, relator has not provided this court with a file stamped copy of his motion or any other documents to show that a properly filed motion is pending before the trial court. Nor has relator established that the trial court has been made aware of his motion or has expressly refused to rule on it. *See In re Isbell*, No. 04-06-00558-CV, 2006 WL 3206075, at *2 (Tex. App.—San Antonio November 8, 2006, orig. proceeding) (mem. op.).

Based on the foregoing, we conclude relator has not shown himself entitled to mandamus relief. Accordingly, relator's petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM