Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-11-00244-CR

**IN RE** Ernest **HASTINGS**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Karen Angelini, Justice
               Sandee Bryan Marion, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:  April 20, 2011

PETITION FOR WRIT OF MANDAMUS DENIED

On March 30, 2011, relator filed a petition for writ of mandamus, seeking to compel the trial court to rule on his *pro se* motion to dismiss appointed counsel. However, in order to be entitled to mandamus relief, relator must establish that the trial court: (1) had a legal duty to perform a non-discretionary act; (2) was asked to perform the act; and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). When a properly filed motion is pending before a trial court, the act of giving consideration to and ruling upon that motion is ministerial, and mandamus may issue to compel the trial judge to act. *See Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). However, mandamus will not issue unless the record indicates that a properly filed

---

[1] This proceeding arises out of Cause No. 2010-CR-7940, styled *State of Texas v. Ernest Hastings*, in the 437th Judicial District Court, Bexar County, Texas, the Honorable Lori I. Valenzuela presiding.

motion has awaited disposition for an unreasonable amount of time. *See id.* Relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a) ("Relator must file with the petition [ ] a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"); *see also* TEX. R. APP. P. 52.3(k)(1)(A); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992).

Here, relator has not provided this court with a file stamped copy of his motion or any other documents to show that a properly filed motion is pending before the trial court and has been brought to the trial court's attention. Additionally, relator asserts he filed his motion to dismiss appointed counsel on March 28, 2011, just two days before relator's petition for writ of mandamus was filed in this court. Relator has failed to meet his burden that a properly filed motion has awaited disposition for an unreasonable amount of time. *See id.* Based on the foregoing, we conclude relator has not shown himself entitled to mandamus relief. Accordingly, relator's petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

Additionally, relator filed an Application for Leave to File Petition for Writ of Mandamus. No leave is required to file a petition for writ of mandamus in this court. TEX. R. APP. P. 52. Therefore, relator's motion for leave to file is DENIED as moot.

PER CURIAM

DO NOT PUBLISH