*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


# MEMORANDUM OPINION

No. 04-11-00234-CV

**IN RE** Charles Anthony **ALLEN**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Catherine Stone, Justice
              Karen Angelini, Justice
              Steven C. Hilbig, Justice

Delivered and Filed: April 20, 2011

PETITION FOR WRIT OF MANDAMUS DENIED

On March 28, 2011, relator filed a petition for writ of mandamus, seeking to compel the trial court to rule on various *pro se* motions. However, in order to be entitled to mandamus relief, relator must establish that the trial court: (1) had a legal duty to perform a non-discretionary act; (2) was asked to perform the act; and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). When a properly filed motion is pending before a trial court, the act of giving consideration to and ruling upon that motion is ministerial, and mandamus may issue to compel the trial judge to act. *See Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). However, mandamus will not issue unless the record indicates that a properly filed

---

[1] This proceeding arises out of Cause No. 09-10-00146-CVK, in the 218th Judicial District Court, Karnes County, Texas, the Honorable Ron Carr presiding.

motion has awaited disposition for an unreasonable amount of time. *See id.* Relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a) ("Relator must file with the petition [ ] a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"); *see also* TEX. R. APP. P. 52.3(k)(1)(A); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992).

Here, although relator asserts his motions were filed with the trial court on January 14, 2011 and he received a file stamped copy of such motions, relator has failed to provide this court with the file stamped copy of his motions or any other documents to show that a properly filed motion is pending before the trial court and has been brought to the trial court's attention. Based on the foregoing, we conclude relator has not shown himself entitled to mandamus relief. Accordingly, relator's petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM