MEMORANDUM OPINION

 

No. 04-11-00425-CR

 

IN RE Patrick
Keith SCHUH

 

Original Mandamus
Proceeding[1]

 

PER CURIAM

 

Sitting:          Sandee Bryan
Marion, Justice

                     Steven
C. Hilbig, Justice

                     Marialyn
Barnard, Justice

 

Delivered and Filed:  July 6, 2011

 

PETITION FOR WRIT OF MANDAMUS
DENIED

 

           On June 21, 2011, relator filed a petition for writ of mandamus, seeking to compel the
trial court to rule on various pro se motions.  However, in order to be
entitled to mandamus relief, relator must establish that the trial court: (1)
had a legal duty to perform a non-discretionary act; (2) was asked to perform
the act; and (3) failed or refused to do so.  In re Molina, 94 S.W.3d
885, 886 (Tex. App.—San Antonio 2003, orig. proceeding).  When a properly filed
motion is pending before a trial court, the act of giving consideration to and
ruling upon that motion is ministerial, and mandamus may issue to compel the
trial judge to act.  See Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268,
269 (Tex. App.—San Antonio 1997, orig. proceeding).  However, mandamus
will not issue unless the record indicates that a properly filed motion has
awaited disposition for an unreasonable amount of time.  See id.  Relator
has the burden of providing this court with a record sufficient to establish
his right to mandamus relief.  See Tex.
R. App. P. 52.7(a) (“Relator must file with the petition [ ] a certified
or sworn copy of every document that is material to the relator’s claim for
relief and that was filed in any underlying proceeding”); see also Tex. R. App. P. 52.3(k)(1)(A);
Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992).  

Here,
relator has not provided this court with a file stamped copy of his motions or
any other documents to show that a properly filed motion is pending before the
trial court and has been brought to the trial court’s attention.  Additionally,
relator asserts he filed his motions on May 13, 2011, just over a month before
relator’s petition for writ of mandamus was filed in this court.  Therefore,
relator has failed to meet his burden that a properly filed motion has awaited
disposition for an unreasonable amount of time.  See id.  

Based on the foregoing, we conclude relator has not shown himself
entitled to mandamus relief.  Accordingly, relator’s petition for writ
of mandamus is DENIED.  See Tex.
R. App. P. 52.8(a). 

Additionally,
relator filed an Application for Leave to File Petition for Writ of Mandamus. 
No leave is required to file a petition for writ of mandamus in this court.  Tex. R. App. P. 52.  Therefore,
relator’s motion for leave to file is DENIED as moot. 

                                                                                               PER
CURIAM

 

DO NOT PUBLISH

 









[1]
This proceeding arises out of Cause No. 2011-CR-0331, styled State of Texas
v. Patrick Keith Schuh, in the 437th Judicial District Court, Bexar County,
Texas, the Honorable Lori I. Valenzuela presiding.