Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-11-00619-CR

**IN RE** Jeffrey Clay **MILWARD**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Karen Angelini, Justice
                Rebecca Simmons, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:  September 21, 2011

PETITION FOR WRIT OF MANDAMUS DENIED

On September 6, 2011, relator filed a petition for writ of mandamus, seeking to compel the trial court to rule on his *pro se* motion and amended motions to dismiss counsel. However, in order to be entitled to mandamus relief, relator must establish that the trial court: (1) had a legal duty to perform a non-discretionary act; (2) was asked to perform the act; and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). When a properly filed motion is pending before a trial court, the act of giving consideration to and ruling upon that motion is ministerial, and mandamus may issue to compel the trial judge to act. *See Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). However, mandamus will not issue unless the record indicates

---

[1] This proceeding arises out of Cause Nos. 2009-CR-11035, 2009-CR-12612, 2010-CR-1243, and 2010-CR-10019 styled *State of Texas v. Jeffrey Clay Milward*, in the 175th Judicial District Court, Bexar County, Texas, the Honorable Mary D. Roman presiding.

that a properly filed motion has awaited disposition for an unreasonable amount of time. *See id.* Relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a) ("Relator must file with the petition [ ] a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"); *see also* TEX. R. APP. P. 52.3(k)(1)(A); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992).

Here, relator has not provided this court with a file stamped copy of his motions or any other documents to show that a properly filed motion is pending before the trial court and has been brought to the trial court's attention. Additionally, relator asserts he filed his motions in July and August. We cannot say the motions have awaited disposition for an unreasonable amount of time. Based on the foregoing, we conclude relator has not shown himself entitled to mandamus relief. Accordingly, relator's petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

DO NOT PUBLISH