Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-11-00647-CR

**IN RE** Evangelos **PAGONIS**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Catherine Stone, Chief Justice
                  Karen Angelini, Justice
                  Steven C. Hilbig, Justice

Delivered and Filed:  September 28, 2011

PETITION FOR WRIT OF MANDAMUS DENIED AND PETITION FOR WRIT OF MANDAMUS DISMISSED FOR LACK OF JURISDICTION

On September 6, 2011, relator filed two petitions for writ of mandamus. In the first petition, relator complains the trial court has failed to provide him copies of documents he has requested. However, in order to be entitled to mandamus relief, relator must establish that the trial court: (1) had a legal duty to perform a non-discretionary act; (2) was asked to perform the act; and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). When a properly filed motion is pending before a trial court, the act of giving consideration to and ruling upon that motion is ministerial, and mandamus may issue to compel the trial judge to act. *See Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269

---

[1] This proceeding arises out of Cause No. 2008-CR-6730-W1, in the 144th Judicial District Court, Bexar County, Texas, the Honorable Angus K. McGinty presiding.

(Tex. App.—San Antonio 1997, orig. proceeding). However, mandamus will not issue unless the record indicates that a properly filed motion has awaited disposition for an unreasonable amount of time. *See id.* Relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a) ("Relator must file with the petition [ ] a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"); *see also* TEX. R. APP. P. 52.3(k)(1)(A); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992).

Here, relator has not provided this court with a file stamped copy of his motion or any other documents to show that a properly filed motion is pending before the trial court and has been brought to the trial court's attention. Relator has failed to meet his burden that a properly filed motion has awaited disposition for an unreasonable amount of time. *See id.* Based on the foregoing, we conclude relator has not shown himself entitled to mandamus relief. Accordingly, relator's first petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

In relator's second petition, he asks this court to compel an attorney to abide by a court order. However, this court does not have jurisdiction to grant the requested relief. By statute, this court has the authority to issue a writ of mandamus against "a judge of a district or county court in the court of appeals district" and other writs as necessary to enforce our appellate jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a)-(b) (West 2004). We conclude the writ is not necessary to enforce our jurisdiction. Accordingly, relator's petition for writ of mandamus is DISMISSED FOR LACK OF JURISDICTION.

PER CURIAM

DO NOT PUBLISH