*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





## MEMORANDUM OPINION

No. 04-11-00766-CR

**IN RE** Jeffrey Clay **MILWARD**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  November 9, 2011

PETITION FOR WRIT OF MANDAMUS DENIED

On October 24, 2011, relator filed a petition for writ of mandamus, seeking to compel the trial court to rule on his *pro se* "Motion for Judgment and Sentence Nunc Pro Tunc." However, in order to be entitled to mandamus relief, relator must establish that the trial court: (1) had a legal duty to perform a non-discretionary act; (2) was asked to perform the act; and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). When a properly filed motion is pending before a trial court, the act of giving consideration to and ruling upon that motion is ministerial, and mandamus may issue to compel the trial judge to act. *See Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). However, mandamus will not issue unless the record indicates

---

[1] This proceeding arises out of Cause No. 10-1913-CR, styled *State of Texas v. Jeffrey Clay Milward*, in the 2nd 25th Judicial District Court, Guadalupe County, Texas, the Honorable W.C. Kirkendall presiding.

that a properly filed motion has awaited disposition for an unreasonable amount of time. *See id.* Relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a) ("Relator must file with the petition [ ] a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"); *see also* TEX. R. APP. P. 52.3(k)(1)(A); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992).

Here, relator asserts he filed his motion on September 3, 2011. However, he has not provided this court with a file stamped copy of his motion or any other documents to show that a properly filed motion is pending before the trial court and has been brought to the trial court's attention. Additionally, even if relator's motion has been pending since September 3, 2011, we cannot say the motion has been awaiting disposition for an unreasonable amount of time. *See id.* Based on the foregoing, we conclude relator has not shown himself entitled to mandamus relief. Accordingly, relator's petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

DO NOT PUBLISH