Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-11-00836-CR

**IN RE** David **SALINAS**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Sandee Bryan Marion, Justice
              Rebecca Simmons, Justice
              Marialyn Barnard, Justice

Delivered and Filed:  December 21, 2011

PETITION FOR WRIT OF MANDAMUS DENIED

On November 21, 2011, relator filed a petition for writ of mandamus, seeking to compel the trial court to rule on his *pro se* motion for judgment nunc pro tunc. However, in order to be entitled to mandamus relief, relator must establish that the trial court: (1) had a legal duty to perform a non-discretionary act; (2) was asked to perform the act; and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). When a properly filed motion is pending before a trial court, the act of giving consideration to and ruling upon that motion is ministerial, and mandamus may issue to compel the trial judge to act. *See Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). However, mandamus will not issue unless the record indicates that a properly filed

---

[1] This proceeding arises out of Cause No. 1996-CR-1191, styled *State of Texas v. David Salinas*, in the 186th Judicial District Court, Bexar County, Texas, the Honorable Maria Teresa Herr presiding.

motion has awaited disposition for an unreasonable amount of time. *See id.* Relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a) ("Relator must file with the petition [ ] a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"); *see also* TEX. R. APP. P. 52.3(k)(1)(A); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992).

Here, relator asserts he filed his motion on September 8, 2011 and sent a formal notice of the filing to the trial court on October 27, 2011. However, at this time we cannot say the motion has awaited disposition for an unreasonable amount of time. Based on the foregoing, we conclude relator has not shown himself entitled to mandamus relief. Accordingly, relator's petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

DO NOT PUBLISH