



# MEMORANDUM OPINION

No. 04-12-00087-CR

**IN RE** Richard **PADILLA**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
             Phylis J. Speedlin, Justice
             Rebecca Simmons, Justice

Delivered and Filed:  February 29, 2012

PETITION FOR WRIT OF MANDAMUS DENIED

On February 8, 2012, relator filed a petition for writ of mandamus, seeking to compel the

trial court to rule on his *pro se* motion for speedy trial and/or motion to dismiss.  However, in

order to be entitled to mandamus relief, relator must establish that the trial court: (1) had a legal

duty to perform a non-discretionary act; (2) was asked to perform the act; and (3) failed or

refused to do so.  *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig.

proceeding).  When a properly filed motion is pending before a trial court, the act of giving

consideration to and ruling upon that motion is ministerial, and mandamus may issue to compel

the trial judge to act.  *See Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San

Antonio 1997, orig. proceeding).  However, mandamus will not issue unless the record indicates

---

[1] This proceeding arises out of Cause No. 2007-CR-4263 & 2007-CR-4264, styled *State of Texas v. Richard Padilla*, in the 399th Judicial District Court, Bexar County, Texas, the Honorable Juanita A. Vasquez-Gardner presiding.

that a properly filed motion has awaited disposition for an unreasonable amount of time. *See id.* Relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a) ("Relator must file with the petition [ ] a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"); *see also* TEX. R. APP. P. 52.3(k)(1)(A); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992).

Here, relator does not indicate when his motion was filed nor does he provide this court with a file stamped copy of the motion or any other documents to show that a properly filed motion is pending before the trial court and has been brought to the trial court's attention. Based on the foregoing, we conclude relator has not shown himself entitled to mandamus relief. Accordingly, relator's petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

Additionally, relator filed an Application for Leave to File Petition for Writ of Mandamus. No leave is required to file a petition for writ of mandamus in this court. TEX. R. APP. P. 52. Therefore, relator's motion for leave to file is DENIED as moot.

PER CURIAM

DO NOT PUBLISH