

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00759-CR

**IN RE** David **SALINAS**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  November 21, 2012

PETITION FOR WRIT OF MANDAMUS DENIED

On November 9, 2012, relator David Salinas filed a petition for writ of mandamus, complaining the trial court has failed to rule on his "motion for judgment and sentence nunc pro tunc." However, in order to be entitled to mandamus relief, relator must establish the trial court: (1) had a legal duty to perform a non-discretionary act; (2) was asked to perform the act; and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). When a properly filed motion is pending before a trial court, the act of giving consideration to and ruling upon that motion is ministerial, and mandamus may issue to compel the trial judge to act. *See Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San

---

[1] This proceeding arises out of Cause Nos. 2010-CR-7306B, 2010-CR-7307, 2010-CR-7308 , 2010-CR-7309, 2010-CR-7310, 2010-CR-7311, 2010-CR-7312, 2010-CR-7313, 2010-CR-7314, 2010-CR-7315, and 2010-CR-7316, styled *State of Texas v. David Salinas*, in the 290th Judicial District Court, Bexar County, Texas, the Honorable Melisa Skinner presiding.

Antonio 1997, orig. proceeding). However, mandamus will not issue unless the record indicates that a properly filed motion has awaited disposition for an unreasonable amount of time. *See id.* Relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a) ("Relator must file with the petition [ ] a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"); *see also* TEX. R. APP. P. 52.3(k)(1)(A); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992).

Here, relator's motion has been pending only since September 13, 2012. We cannot say the motion has awaited disposition for an unreasonable amount of time. Based on the foregoing, we conclude relator has not shown himself entitled to mandamus relief. Accordingly, relator's petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

DO NOT PUBLISH