

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-12-00831-CR

**IN RE** Ali **MAYBERRY**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  December 21, 2012

PETITION FOR WRIT OF MANDAMUS DENIED

On December 12, 2012, Relator Ali Mayberry filed a petition for writ of mandamus, which appears to complain the trial court has failed to enter an order on Mayberry's Motion to Affirm and Maintain Request for Self-Representation.  However, in order to be entitled to mandamus relief, relator must establish that the trial court: (1) had a legal duty to perform a non-discretionary act; (2) was asked to perform the act; and (3) failed or refused to do so.  *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding).

When a properly filed motion is pending before a trial court, the act of giving consideration to and ruling upon that motion is ministerial, and mandamus may issue to compel the trial judge to act.  *See Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding).  However, mandamus will not issue unless the record indicates

---

[1] This proceeding arises out of Cause No. 2012-CR-2540, styled *State of Texas v. Ali Mayberry*, pending in the 144th Judicial District Court, Bexar County, Texas, the Honorable Angus McGinty presiding.

that a properly filed motion has awaited disposition for an unreasonable amount of time. *See id.* Relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a) ("Relator must file with the petition [ ] a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"); *see also* TEX. R. APP. P. 52.3(k)(1)(A); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

Here, the relator's motion has been pending only since December 10, 2012. We cannot say the motion has awaited disposition for an unreasonable amount of time. Based on the foregoing, we conclude the relator has not shown himself entitled to mandamus relief. Accordingly, relator's petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

DO NOT PUBLISH