

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00293-CR

**IN RE** Rosendo **MARTINEZ**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:        Marialyn Barnard, Justice
Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: June 4, 2014

PETITION FOR WRIT OF MANDAMUS DENIED IN PART AND DISMISSED IN PART FOR LACK OF JURISDICTION

On April 28, 2014, relator Rosendo Martinez filed a pro se petition for writ of mandamus complaining, in part, of the district court's failure to act with respect to his pending application for writ of habeas corpus. In addition, relator complains of the trial court's failure to rule on his pending request for a copy of the transcript from the trial resulting in his felony conviction in 1983.

Relator complains of his application for habeas relief currently pending in the convicting court. Only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings. *See* TEX. CODE CRIM. PROC. ANN. art.11.07 (West Supp. 2013). Even a complaint that the convicting court has failed to act or to follow the procedure established by article 11.07 must be addressed to the Court of Criminal Appeals. *See In re McAfee*, 53 S.W.3d 715, 718 (Tex.

---

[1] This proceeding arises out of Cause No. 1983-CR-0599B-W1, styled *The State of Texas v. Rosendo Martinez*, pending in the 227th Judicial District Court, Bexar County, Texas, the Honorable Philip A. Kazen Jr. presiding.

App.—Houston [1st Dist.] 2001, orig. proceeding) (dismissing mandamus complaining of trial court's failure to respond to a pending application for writ of habeas corpus for lack of jurisdiction). Because this court lacks jurisdiction to consider relator's complaint related to his application for post-conviction habeas corpus relief, we dismiss that portion of relator's mandamus petition for lack of jurisdiction.

Relator also contends that the convicting court has failed to rule on his pro se request for a free copy of the clerk's record and transcript. We conclude that this portion of the mandamus petition is now moot. This court received a copy of the trial court's order denying relator's request for a free clerk's record and transcript with the response to the mandamus petition filed on behalf of the respondent judge. Relator has obtained the relief available on mandamus with respect to his complaint that the trial court failed to rule within a reasonable time. *See Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding) (holding a trial court is required to consider and rule upon a motion within a reasonable time). Accordingly, the portion of the mandamus petition complaining of the trial court's failure to rule is denied as moot.

Additionally, relator requested leave to file his petition for writ of mandamus. No leave is required to file a petition for writ of mandamus in this court. TEX. R. APP. P. 52. Therefore, relator's request for leave to file is also denied as moot.

PER CURIAM

DO NOT PUBLISH