

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00463-CV

**IN RE** David Allan **EDWARDS**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting: Sandee Bryan Marion, Justice
    Marialyn Barnard, Justice
    Patricia O. Alvarez, Justice

Delivered and Filed: July 23, 2014

PETITION FOR WRIT OF MANDAMUS DENIED

On June 27, 2014, relator David Allan Edwards filed a pro se petition for writ of mandamus, complaining the trial court has failed to rule on relator's motion in the underlying civil proceeding. In order to be entitled to mandamus relief, relator must establish the trial court: (1) had a legal duty to perform a non-discretionary act; (2) was asked to perform the act; and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). When a properly filed motion is pending before a trial court, the act of giving consideration to and ruling upon that motion is ministerial, and mandamus may issue to compel the trial judge to act. *See Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San

---

[1] This proceeding arises out of Cause No. 12-02-0185-CVA, styled *David Allan Edwards v. County of Atascosa; District Attorney of Atascosa County; Judge over Court; Sheriff of Atascosa County; County Court of Commissioners of Atascosa County; Lon Gillespie; William Torans; Freddie Ogden; Weldon Cude; Dr. Gerald B. Phillips, Physician of County Jail, Atascosa County, Individual Capacity*, pending in the 218th Judicial District Court, Atascosa County, Texas, the Honorable Stella Saxon presiding.

Antonio 1997, orig. proceeding). However, mandamus will not issue unless the record indicates that a properly filed motion has awaited disposition for an unreasonable amount of time. *See id.*

Relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a) ("Relator must file with the petition [ ] a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding . . . ."); *see also* TEX. R. APP. P. 52.3(k)(1)(A); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

Relator asserts he filed various motions which the court has failed to rule on. However, he has not provided this court with a file stamped copy of the motion or any other documents to show that a properly filed motion is currently pending before the court and has been properly brought to the court's attention. Based on the foregoing, we conclude relator has not shown himself entitled to mandamus relief. Accordingly, relator's petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM