

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00151-CV

**IN RE** Dr. Richard Bruce **DE BENEDETTO**, M.D.

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Karen Angelini, Justice
              Patricia O. Alvarez, Justice
              Jason Pulliam, Justice

Delivered and Filed:  June 10, 2015

PETITION FOR WRIT OF MANDAMUS DENIED

On May 29, 2015, relator Dr. Richard Bruce DeBenedetto filed a "corrected" petition for writ of mandamus. Because we conclude relator has still not established his entitlement to mandamus relief, we deny relator's corrected petition.

DeBenedetto filed his original mandamus petition on March 18, 2015, complaining the trial court had failed to order a transfer of venue in the underlying suit affecting the parent-child relationship. On March 25, 2015, this court issued its opinion denying the mandamus petition.[2] Although relator asserted the trial court's failure to order transfer of venue as the basis for mandamus relief, the record provided did not establish the trial court's failure to rule on a properly

---

[1] This proceeding arises out of Cause No. 111069C, styled *In the Interest of E.D., E.D., I.D., and J.D., Children*, pending in the County Court at Law, Kerr County, Texas, the Honorable Cathy Morris, Associate Judge, presiding.
[2] *See In re DeBenedetto*, No. 04-15-00151-CV, 2015 WL 1393375, at *1 (Tex. App.—San Antonio Mar. 25, 2015, orig. proceeding).

filed motion, which had awaited disposition for an unreasonable period of time. *See Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding).

In the recently filed amended petition for writ of mandamus, relator again complains of the trial court's failure to consider and rule upon his motion for change of venue. With the amended petition, relator has provided this court with a file-stamped copy of his motion for change of venue, reflecting it was filed in October 2014. Relator's request for a hearing on his motion, however, was not filed until May 6, 2015. *See* TEX. R. CIV. P. 87(1) (movant has the burden to request a setting on a motion to transfer venue).

In order to be entitled to mandamus relief, relator must establish the trial court: (1) had a legal duty to perform a non-discretionary act; (2) was asked to perform the act; and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). When a properly filed motion is pending before a trial court, the act of giving consideration to and ruling upon that motion is ministerial, and mandamus may issue to compel the trial judge to act. *See Safety-Kleen Corp.*, 945 S.W.2d at 269. However, mandamus will not issue unless the record indicates that a properly filed motion has awaited disposition for an unreasonable amount of time. *See id.*

Based on the record provided, we conclude relator has not shown himself entitled to mandamus relief. Accordingly, relator's corrected petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM