**DENY; and Opinion Filed December 29, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01487-CV
### No. 05-16-01488-CV
### No. 05-16-01489-CV

### IN RE WALTER CORTEZ, Relator

**Original Proceeding from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-0730377, F-0730378, and F-0730557**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Schenck
Opinion by Justice Schenck

Before the Court is relator's December 19, 2016 petition for writ of mandamus in which relator asks this Court to direct the trial court to rule on relator's motion for nunc pro tunc in which he asks for the application of time credit for the time he was out on bond before trial.

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re Allen*, 462 S.W.3d 47, 49 (Tex. Crim. App. 2015) (orig. proceeding); *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). A trial court has a ministerial duty to rule upon a properly filed and timely presented motion. *See State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). To be properly filed and timely presented, a motion must be presented to a trial court at a time when the court has authority to act on the motion. *See In re Hogg–Bey*, No. 05–15–01421–CV, 2015

WL 9591997, at *1–2 (Tex. App.–Dallas Dec. 30, 2015, orig. proceeding) (mem. op., not designated for publication).

Although a trial court has a duty to rule within a reasonable time, the relator seeking a writ of mandamus compelling the trial court to rule must establish that he took action to alert the trial court that it had not yet considered his motion. *In re Dong Sheng Huang*, No. 01-15-00962-CV, 2016 WL 1162817 (Tex. App.—Houston [1st Dist.] Mar. 24, 2016, orig. proceeding) (internal citations omitted); *In re Hog-Bey*, 2014 WL 3882315 at * 1. When a properly filed motion is pending before a trial court, the act of giving consideration to and ruling upon that motion is ministerial, and mandamus may issue to compel the trial judge to act. *See Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). However, mandamus will not issue unless the record shows that a properly filed motion has awaited disposition for an unreasonable amount of time. *See id.* It is relator's burden to provide this court with a record sufficient to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); TEX. R. APP. P. 52.3(k), 52.7(a).

The mandamus record before us does not include a certified or sworn copy of the trial court's docket sheet or other proof that establishes that relator filed the complained-of motions, that relator brought the motions to the attention of the trial court and requested a hearing or ruling, and that the trial court has failed to rule on relator's motions. TEX. R. APP. P. 52.3(k)(1)(a), 52.7(a). Absent such a record, we cannot conduct a meaningful review of relator's claims and relator has failed to meet his burden of proof. *Lizcano*, 416 S.W.3d at 863 (Alcala, J. concurring). Accordingly, we deny relator's petition for writ of mandamus.

/David J. Schenck/
————————————————
DAVID J. SCHENCK
JUSTICE

161487F.P05

–2–