Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-11-00426-CR

**IN RE** Donald Ray **MCINTOSH**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  July 6, 2011

PETITION FOR WRIT OF MANDAMUS DENIED

On June 21, 2011, relator filed a petition for writ of mandamus, seeking to compel the trial court to rule on his *pro se* motion for speedy trial, motion for examining trial, motion in limine, discovery motion, and motion for self-representation.

With regard to relator's complaint that the trial court has failed to rule on his *pro se* motion for self-representation, relator must establish that the trial court: (1) had a legal duty to perform a non-discretionary act; (2) was asked to perform the act; and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). When a properly filed motion is pending before a trial court, the act of giving consideration to and ruling upon that motion is ministerial, and mandamus may issue to compel the trial judge to act.

---

[1] This proceeding arises out of Cause No. 2009-CR-12304, styled *State of Texas v. Donald Ray McIntosh*, pending in the 379th Judicial District Court, Bexar County, Texas, the Honorable Ron Rangel presiding.

*See Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). However, mandamus will not issue unless the record indicates that a properly filed motion has awaited disposition for an unreasonable amount of time. *See id.* Relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a) ("Relator must file with the petition [ ] a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"); *see also* TEX. R. APP. P. 52.3(k)(1)(A); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992).

Here, relator has not provided this court with a file stamped copy of his motion for self-representation or any other documents to show that a properly filed motion has been pending before the trial court for an unreasonable amount of time. Therefore, we conclude relator has failed to meet his burden. *See id.*

With regard to the remaining *pro se* motions relator complains the trial court has failed to rule on, counsel has been appointed to represent relator in the criminal proceeding pending in the trial court for which he is currently confined. A criminal defendant is not entitled to hybrid representation. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). A trial court has no legal duty to rule on *pro se* motions or petitions filed with regard to a criminal proceeding in which the defendant is represented by counsel. *See Robinson*, 240 S.W.3d at 922. Consequently, the trial court did not abuse its discretion by declining to rule on relator's *pro se* motions filed in the criminal proceeding pending in the trial court.

Based on the foregoing, we conclude relator has not shown himself entitled to mandamus relief. Accordingly, relator's petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

DO NOT PUBLISH