Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio





# MEMORANDUM OPINION

No. 04-11-00908-CR

**IN RE** David **SMITH**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice
                Steven C. Hilbig, Justice

Delivered and Filed: January 18, 2012

PETITION FOR WRIT OF MANDAMUS DENIED

On December 19, 2011, relator filed a petition for writ of mandamus, seeking to compel the trial court to rule on his *pro se* motion to dismiss appointed counsel and various other *pro se* motions.

With regard to the various *pro se* motions, counsel has been appointed to represent relator in the criminal proceeding pending in the trial court for which he is currently confined. A criminal defendant is not entitled to hybrid representation. *See Robinson v. State*, 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995). A trial court has no legal duty to rule on *pro se* motions or petitions filed with regard to a criminal proceeding in which the defendant is represented by counsel. *See Robinson*, 240

---

[1] This proceeding arises out of Cause No. 2011-CR-9957, styled *State of Texas v. David Smith*, pending in the 186th Judicial District Court, Bexar County, Texas, the Honorable Maria Teresa Herr presiding.

S.W.3d at 922. Consequently, the trial court did not abuse its discretion by declining to rule on relator's *pro se* motion filed in the criminal proceeding pending in the trial court.

With regard to relator's complaint that the trial court has failed to rule on his *pro se* motion to dismiss appointed counsel, relator must establish that the trial court: (1) had a legal duty to perform a non-discretionary act; (2) was asked to perform the act; and (3) failed or refused to do so. *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding). When a properly filed motion is pending before a trial court, the act of giving consideration to and ruling upon that motion is ministerial, and mandamus may issue to compel the trial judge to act. *See Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). However, mandamus will not issue unless the record indicates that a properly filed motion has awaited disposition for an unreasonable amount of time. *See id.* Relator has the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a) ("Relator must file with the petition [ ] a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"); *see also* TEX. R. APP. P. 52.3(k)(1)(A); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992).

Here, relator asserts he filed his motion on October 18, 2011. However, he has not provided this court with a file stamped copy of the motion or any other documents to show that a properly filed motion is pending before the trial court and has been brought to the trial court's attention. Additionally, even if relator's motion has been pending since October 18, 2011, we cannot say the motion has awaited disposition for an unreasonable amount of time.

Based on the foregoing, we conclude relator has not shown himself entitled to mandamus relief. Accordingly, relator's petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

DO NOT PUBLISH