

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00373-CV

IN RE REIDIE JAMES JACKSON, RELATOR

ORIGINAL PROCEEDING

January 2, 2018

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Relator Reidie James Jackson, appearing pro se, filed a petition asking the Court to issue a writ of mandamus against respondent, the Honorable Ana Estevez, judge of the 251st District Court of Potter County. He seeks an order compelling Judge Estevez to rule on a motion for partial summary judgment filed on October 22, 2015, by real parties in interest and defendants in the trial court, David Ellis and Andrew Gratz, and his request for a trial setting. We will deny the petition.

A trial court clearly abuses its discretion when it fails to rule within a reasonable time on a properly-presented pretrial motion. *Safety-Kleen Corp. v. Garcia,* 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). Once a motion is properly

filed and pending before a trial court, the act of considering and ruling on that motion is ministerial, and mandamus may issue to compel the trial judge to act. *In re Quiroz,* No. 05-17-00742-CV, 2017 Tex. App. LEXIS 7423, at *2 (Tex. App.—Dallas Aug. 7, 2017, orig. proceeding) (mem. op.) (citing *Safety—Kleen Corp.,* 945 S.W.2d at 269). Before a writ of mandamus will issue in such circumstances, the relator must establish that (1) the trial court had a legal duty to perform a non-discretionary act, (2) performance was demanded, and (3) the court refused to act. *O'Connor v. First Court of Appeals,* 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding); *In re Posey,* No. 07-03-00518-CV, 2004 Tex. App. Lexis 695, at *2 (Tex. App.—Amarillo Jan. 22, 2004, orig. proceeding) (mem. op.) (citing *Stoner v. Massey,* 586 S.W.2d 843, 846 (Tex. 1979)).

This is Jackson's second mandamus petition on this issue. He filed a previous petition in June 2017.[1] We denied relief in a July 21 opinion, finding Jackson did not show that the defendants' summary judgment motion or Jackson's requests for a ruling on the motion had been brought to Judge Estevez's attention, and thus he had not shown Judge Estevez had refused to rule on Ellis and Gratz's motion for partial summary judgment.[2] The record accompanying Jackson's current petition shows he has taken steps to insure that Judge Estevez is aware of his requests. The current record includes a certified letter, return receipt requested, sent by Jackson to Judge Estevez. By the correspondence Jackson requested a ruling on Ellis and Gratz's motion for partial summary judgment and

---

[1] *See In re Jackson,* No. 07-17-00224-CV, 2017 Tex. App. LEXIS 6852 (Tex. App.—Amarillo July 21, 2017, orig. proceeding) (per curiam, mem. op.).

[2] Additional background facts may be gleaned from our July 21 opinion. We have granted Jackson's request, based on financial inability, to include in the present mandamus record the record from 07-17-00224-CV. *See* Tex. R. App. P. 2.

a trial setting for the case. The return receipt or "green card" indicates a September 18, 2017 date of delivery. Jackson dated his petition October 11, 2017, and it was filed in this Court on October 16.

At our request, the real parties in interest Ellis and Gratz have filed a response to Jackson's petition. The response first asserts the petition should be denied because Jackson has not submitted proof that his filings were brought to Judge Estevez's attention. We disagree with the assertion. At this point in the trial court proceedings, and given our July 21 opinion and Jackson's certified-mail correspondence, we consider it beyond question that Judge Estevez is aware of real parties' motion for partial summary judgment and of Jackson's requests for a ruling on the motion and for a trial setting.[3]

Nonetheless, Jackson's petition for mandamus must be denied. Jackson's argument here seems to be that Judge Estevez has a legal duty to consider and rule on the motion for partial summary judgment, performance was requested by Jackson's June 29 mandamus petition, this Court's July 21 ruling, or his certified letter, and the absence of Judge Estevez's ruling by October 11 is tantamount to a refusal to rule. But a trial court has a reasonable time to consider and rule on a motion. *In re Chavez,* 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). A litigant is not entitled to a hearing at whatever time he selects. *In re Quiroz,* 2017 Tex. App. LEXIS 7423, at *2 (citing *In re*

---

[3] Real parties' response argues Jackson has failed to file certified or sworn copies of the material documents with his petition, as required by appellate rule 52.7. TEX. R. APP. P. 52.7(a)(1). Review of the current mandamus record indicates counsel for Ellis and Gratz may not have been served with the supplement to Jackson's petition filed October 17, 2017, which contains his unsworn declaration that an exhibit to his petition is a true copy of his letter to Judge Estevez and another exhibit is the original green card confirming the letter's receipt. With this opinion, we are forwarding to counsel a copy of Jackson's supplement filed October 17.

*Chavez,* 62 S.W.3d at 229). What constitutes a reasonable time depends on any number of case-unique factors, which include not only the trial court's actual knowledge of the motion but "the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first." *In re Chavez,* 62 S.W.3d at 228-29. The trial court's inherent power to control its own docket must also be considered. *Id.* at 229 ("a trial court has great discretion over its docket").

Jackson, a Texas prison inmate, has asserted he risks losing contact with his witnesses because of the passage of time. He has diligently pursued obtaining a ruling on Ellis and Gratz's motion for partial summary judgment. But his second mandamus petition was filed only weeks after his notice to Judge Estevez. In the absence of proof of other factors such as the status of Judge Estevez's docket and the existence or not of other judicial and administrative matters which Judge Estevez must first address, *see In re Chavez,* 62 S.W.3d at 229, we will not say she has clearly abused her discretion by failing to rule on the motion for partial summary judgment or set the case for trial by October 11, 2017. Jackson's petition for writ of mandamus is denied.

Per Curiam