

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00402-CV

IN RE DON SMITH, RELATOR

OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

January 28, 2020

## MEMORANDUM OPINION

### Before PIRTLE and PARKER and DOSS, JJ.

Relator Don Smith, appearing pro se, filed a petition asking this Court to issue a writ of mandamus against respondent, the Honorable John B. Board, judge of the 181st District Court of Randall County. He seeks an order compelling Judge Board to rule on a motion he filed on August 19, 2019, to rescind the trial court's order to withdraw funds for court costs. We deny the petition.

To establish a right to mandamus relief, relator must establish that (1) the trial court had a legal duty to perform a non-discretionary act, (2) performance was demanded, and (3) the court refused to act. *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding); *In re Posey*, No. 07-03-00518-CV, 2004 Tex. App. LEXIS 695, at *2 (Tex. App.—Amarillo Jan. 22, 2004, orig. proceeding) (mem. op.). A trial court commits a clear abuse of discretion when it fails to rule within a reasonable time on a

properly-presented motion. *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). The act of considering and ruling on a motion that is properly filed and pending before a court is ministerial, and mandamus may issue to compel the trial judge to act. *In re Quiroz*, No. 05-17-00742-CV, 2017 Tex. App. LEXIS 7423, at *2 (Tex. App.—Dallas Aug. 7, 2017, orig. proceeding) (mem. op.) (citing *Safety-Kleen Corp.*, 945 S.W.2d at 269).

There are several reasons relator has failed to show that he is entitled to the mandamus relief he seeks. First, his petition fails to meet the mandatory requirements of Rule 52 of the Texas Rules of Appellate Procedure. Rule 52.3(k)(1)(a) requires the petition to include "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(a). Although relator's petition includes a purported copy of the motion and request for hearing he asserts he filed with the district clerk, the documents do not bear file stamps nor certifications from the district clerk. And while relator included an unsworn declaration at the conclusion of his petition, his declaration does not purport to authenticate the attached documents and does not satisfy the certification requirement of Rule 52.3(j). *See* TEX. R. APP. P. 52.3(j). Relator's failure to comply with Rule 52 requires denial of his petition.

Second, nothing indicates that the trial court is aware of relator's motion or his subsequent letter inquiring as to its status. A trial court cannot be expected to consider a request not called to its attention. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). A clerk's knowledge of a filing is not imputed to the trial court. *Id.* Relator has failed to establish that his motion and request for a hearing were brought to the attention of the trial court.

2

Finally, even if relator had both complied with Rule 52 and demonstrated that his pleadings were presented to the trial court, we must consider the question of whether the trial court failed to rule within a reasonable amount of time. Relator asserts that he filed his motion on August 19, 2019. Relator sought mandamus relief on November 13, 2019, eighty-six days after filing his motion. Relator contends that this time period exceeds the boundaries of a reasonable period for a trial court to rule. In response, we reiterate that no bright line demarcates the limits of a reasonable time period. *Id.* As we explained in *In re Chavez*, the party requesting mandamus relief on this basis has the burden of demonstrating the unreasonableness of the court's delay by providing evidence of, for example, the trial court's actual knowledge of the matter, its overt refusal to act, the state of the trial court's docket, and the existence of other judicial and administrative matters requiring the trial court's attention. *Id.* at 228-29. In the absence of such evidence, and bearing in mind the wide discretion a trial court has over its own docket,[1] we cannot conclude that Judge Board acted unreasonably in failing to act on relator's motion in eighty-six days.

For the foregoing reasons, relator's petition for writ of mandamus is denied.

Judy C. Parker
Justice

Pirtle, J., dissenting.

---

[1] *See Ho v. Univ. of Tex. at Arlington*, 984 S.W.2d 672, 693-94 (Tex. App.—Amarillo 1998, pet. denied).